**Cody GOBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–95–00457–CR.

Court of Appeals of Texas,
Austin.

March 6, 1996.

Thomas J. Gossett, San Angelo, for appellant.

Stephen H. Smith, District Attorney, Evan Pierce–Jones, Assistant District Attorney, San Angelo, for State.

Before POWERS, JONES and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

In September 1993, Cody Gober entered a plea of guilty to the charge of aggravated sexual assault of a child younger than fourteen. *See* Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex.Gen.Laws 80, 80–81 (Tex.Penal Code § 22.021, since amended). Under a plea bargain agreement, the trial court deferred adjudication of Gober's guilt, placed him on probation for ten years, and assessed a fine of $2000. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a) (West Supp.1996).[1] In June 1995, the trial court held a hearing on the State's second motion to revoke probation and to proceed to adjudication. The trial court found that Gober violated four conditions of his probation and granted the motion to proceed to adjudication. The court then found Gober guilty on his earlier plea and sentenced him to twenty years in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Code Crim.Proc.Ann. art. 42.12, § 5(b) (West Supp.1996). In a single point of error, appellant complains that the trial court failed to conduct a separate hearing on punishment before sentencing him. We will affirm the trial court's judgment.

■ In its motion to revoke probation and proceed to adjudication, the State alleged that Gober failed to report to his probation officer as required, failed to attend certain counseling sessions designed for sexual offenders, violated his curfew, and violated state law by illegally hunting deer. Gober pleaded true to the first two allegations, but untrue to the others, denying the hunting incident and the violation of his curfew on that occasion. After hearing evidence, the trial court found Gober guilty beyond a reasonable doubt of all four violations. The court then adjudicated Gober guilty of the original offense and assessed punishment at twenty years' confinement in the penitentiary and then asked if Gober had any legal reason why sentence should not be pronounced.

Appellant's counsel responded there was no legal reason. The trial court then pronounced its sentence, taking into account a failure to appear charge incorporated into the original order deferring adjudication.

Gober did not request a "separate" hearing on punishment, nor did he object to the trial court's failure to hold one; likewise, Gober failed to raise this objection in a motion for new trial. Although appellant's failure to request a hearing on punishment in the trial court, as required by Rule of Appellate Procedure 52(a), may be overcome by raising the objection in a motion for new trial, *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992),[2] here appellant did neither. We hold that an accused who raises no objection at the hearing or in a motion for new trial has failed to preserve error and may not raise his complaint for the first time on appeal. *See Christian v. State*, 870 S.W.2d 86, 88 (Tex. App.—Dallas 1993, no pet.); *Bilbrey v. State*, 851 S.W.2d 334, 335–36 (Tex.App.—Dallas 1993, no pet.).

■ If we were to reach appellant's complaint, we would overrule it as a point of error that elevates form over substance. Appellant does not complain that he was prevented from offering evidence regarding punishment. The statement of facts reveals that Gober offered extensive evidence in support of his request that he be continued on probation after the adjudication of guilt. His girlfriend testified that she was pregnant with Gober's child and that they wished to raise the child together if he could remain on probation. His grandfather testified that appellant could work for him and live with him if he remained on probation. Gober took the stand and testified that after serving 120 days in jail awaiting this hearing, he would take the terms of his probation more seriously. He asked the court to consider the fact that despite his failure to abide by several terms of his probation, he had not re-offend-

1. These proceedings were governed by the law in effect at the time appellant committed the offense. Because subsequent changes to the Code of Criminal Procedure have no effect on our analysis, we cite the current Code provisions for the sake of convenience.

2. In *Issa*, the court noted that when the trial court "in one proclamation" revokes probation, adjudicates guilt and sentences the accused, an accused has no real opportunity to present evidence regarding punishment and no opportunity to object until the timely filed motion for new trial. *Issa*, 826 S.W.2d at 161.

ed by sexually assaulting any children while on probation. His counsel argued, "We've modified that behavior, even if he is still not a model citizen." Given this testimony, all that Gober complains of on appeal is that the trial court did not conduct a "separate" punishment hearing. In reaching its decision in *Issa* the court relied on the importance of the trial court's hearing evidence regarding prior difficulties with the law or extenuating circumstances that might bear on the sentencing decision:

> [F]airness would dictate that a defendant be accorded an opportunity to offer evidence in mitigation of punishment after revocation of probation and the adjudication of guilt and before the assessment of punishment *if such evidence has not already been elicited during the proceedings. . . .*

*Issa,* 826 S.W.2d at 161 (citing *Duhart v. State,* 668 S.W.2d 384, 387 (Tex.Crim.App. 1984) (emphasis added)). The trial court below heard Gober's evidence regarding punishment, as its order recites, but denied his request to be retained on probation. The court heard contravening evidence that Gober had entered into an agreement with the court that he would remain on probation only if he attended counseling to get over the problems that led to his sexual assault of a child, and yet he had failed to attend a number of required counseling sessions. The court heard evidence that this was the second time the State had filed a motion to revoke probation and proceed to adjudication.

After a hearing on the previous motion, the court granted appellant's request to continue on probation. Then, when given a second chance, appellant still did not see fit to follow the terms of his probation. Within a few months of the first hearing on revocation, Gober began to miss counseling sessions and failed to report to his probation officer. Apparently, the 90 days he spent in jail awaiting the first hearing did not motivate him to take seriously the terms of his probation when he was given a second chance. Appellant had the opportunity to present evidence and did present evidence supporting his request for continued probation. The trial court consid-

ered this evidence and denied his request. Under these circumstances, even if appellant had preserved error, we would hold that the proceedings below did not impede the purpose and spirit of article 42.12, section 5(b) of the Code of Criminal Procedure, and would overrule the point.

For the reasons stated, we affirm the judgment of the trial court.