TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00422-CR

James Swist, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 0950161, HONORABLE MIKE LYNCH, JUDGE PRESIDING

Appellant pleaded guilty to possessing less than 200 grams of cocaine. Tex. Health &
Safety Code Ann. § 481.115(a), (d) (West Supp. 1998). The district court found that the evidence
substantiated appellant's guilt, deferred further proceedings, and placed appellant on community
supervision. Later, on the State's motion, the court revoked supervision, adjudged appellant guilty, and
sentenced him to imprisonment for eight years.

In his only point of error, appellant contends the district court erred by failing to conduct
a separate punishment hearing after adjudicating him guilty. See Issa v. State, 826 S.W.2d 159, 161 (Tex.
Crim. App. 1992). After hearing the evidence at the revocation hearing, including appellant's own
testimony, the court announced its finding of guilt and stated:

It now becomes the Court's duty to assess punishment.

The Court has reviewed the presentence report that was originally filed, as well as
the violation report. I have heard the evidence presented today. Does either side have any
additional evidence? I think we've probably got it all in the record, correct?

[Defense counsel]: Nothing from the defense.

[Prosecutor]: Nothing from the state, Your Honor.

THE COURT: Does the defense wish to be heard on the issue of punishment
briefly? Just do you have any argument?

[Defense counsel]: No, Your Honor.

A defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial
court must allow the defendant the opportunity to present evidence relevant to punishment. Id. The record
clearly reflects that appellant was given the opportunity to offer both evidence and argument relevant to
punishment, and that he affirmatively declined both opportunities. Under the circumstances, no violation
of the rule announced in Issa is shown. We also note that much of appellant's testimony at the revocation
hearing was relevant to the question of punishment. We also note that appellant did not object to the
proceedings below or file a motion for new trial raising the contention he now advances. See Gober v.
State, 917 S.W.2d 501, 502-03 (Tex. App.--Austin 1996, no pet.). The point of error is overruled.

The judgment of conviction is affirmed.

 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 15, 1998

Do Not Publish