TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00006-CR

Gregory Bean, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 92-442-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

In December 1992, appellant Gregory Bean pleaded guilty to possession of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230,
2936-37 (Tex. Health & Safety Code Ann. § 481.115(a), (b), since amended). The district court found
that the evidence substantiated appellant's guilt and, pursuant to a plea bargain agreement, deferred further
proceedings and placed appellant on community supervision for seven years. In October 1997, the court
revoked supervision on the State's motion, adjudicated appellant guilty, and assessed punishment at
imprisonment for twenty years.

In two points of error, appellant contends his rights to due process and due course of law
were violated when the district court imposed sentence without conducting a separate punishment hearing
at which appellant could present evidence. See Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App.
1992); U.S. Const. amend. XIV; Tex. Const. art. I, §§ 10, 19. This complaint was not preserved for
review because appellant neither objected at the revocation hearing nor moved for a new trial on this
ground. Gober v. State, 917 S.W.2d 501, 502 (Tex. App.--Austin 1996, no pet.).

The points of error are overruled and the judgment of conviction is affirmed.

 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: August 31, 1998

Do Not Publish