# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00782-CR

**Leonines Escalantes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 98-369-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

Appellant Leonines Escalantes was placed on deferred adjudication community supervision after pleading guilty to possessing less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 2001). The district court later revoked supervision, adjudicated Escalantes guilty, and sentenced him to two years' incarceration in a state jail. We will affirm.

Escalantes first contends that the hearing below was a nullity because he did not enter a plea to the motion to adjudicate. The court of criminal appeals has considered and rejected the same argument with respect to a motion to revoke "regular" probation. *See Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977). The reasoning of that opinion is equally applicable to an adjudication motion. Point of error one is overruled.

In his second point of error, Escalantes complains that the district court did not hold a separate punishment hearing after adjudicating guilt. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex.

Crim. App. 1992). As in *Issa*, the court adjudicated Escalantes guilty and immediately pronounced sentence. Escalantes did not, however, preserve this alleged error by filing a motion for new trial. *See id.*; *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); *Gober v. State*, 917 S.W.2d 501, 502 (Tex. App.—Austin 1996, no pet.). Point of error two is overruled.

Finally, Escalantes contends his attorney was ineffective because he did not make an effort to secure a punishment hearing or to preserve the error for appeal. To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). In reviewing a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

On the record before us, it cannot be determined whether counsel's failure to file a motion for new trial or otherwise seek a separate punishment hearing was the result of ineffectiveness, or instead the result of counsel having no other evidence to offer. Counsel called several witnesses at the adjudication hearing. While their testimony was primarily concerned with rebutting the allegations in the State's motion, it also had relevance to the question of punishment. Counsel may have believed that no further testimony was needed with respect to punishment. *See Pearson*, 994 S.W.2d at 179; *Gober*, 917 S.W.2d at 502-03. Escalantes has not met his burden of demonstrating that counsel was ineffective. Point of error three is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B.  A. Smith and Puryear

Affirmed

Filed:   August 30, 2001

Do Not Publish