

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00432-CR

JASON M. POWERS                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                       STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jason M. Powers appeals his conviction for credit card abuse, which is a state jail felony.[2]  He argues that the trial court erred when it did not hold a separate punishment hearing after revoking his community supervision and adjudicating his guilt.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 32.31(b)(1)(A), (d) (Vernon Supp. 2010).

## Background Facts

A Tarrant County grand jury indicted appellant for credit card abuse. Appellant pled guilty. The trial court placed him on deferred adjudication community supervision for a two-year term, and appellant agreed to comply with several explicit conditions.

Less than a year later, the State petitioned the trial court to proceed with adjudicating appellant guilty, alleging that appellant failed to attend a substance abuse evaluation and an intensive day treatment program. Appellant pled true to both of these contentions, and then he briefly testified about the facts of the underlying offense and why he had failed to comply with the community supervision conditions. The trial court asked whether the State or appellant had any additional questions to ask, and then both sides rested and closed. After the parties declined to give closing arguments, the trial court found appellant guilty and immediately sentenced him to a year's confinement. Appellant's counsel said there was "no legal reason" why the sentence should not be pronounced. Appellant filed a motion for new trial on the sole ground that the "verdict was contrary to law and evidence," and he also filed a notice of this appeal.

## The Forfeiture of Appellant's Point

In his only point, appellant argues that the trial court erred when it failed to hold a separate punishment hearing after adjudicating his guilt. He asks us to remand this case to the trial court for a new punishment hearing. The State

argues, in part, that appellant's point has been forfeited. We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

The court of criminal appeals has held that a separate punishment hearing that follows a revocation of deferred adjudication and an adjudication of guilt is "a statutory right which can be waived." *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). Thus, to avoid forfeiture of the right to a separate punishment hearing, a defendant must complain at trial or in a motion for new trial. *Id.*; *see Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Lincoln v. State*, 307 S.W.3d 921, 925 (Tex. App.—Dallas 2010, no pet.); *Gober v. State*, 917 S.W.2d 501, 502 (Tex. App.—Austin 1996, no pet.) ("We hold that an accused who raises no objection [to the lack of a separate hearing on punishment] at the [adjudication] hearing or in a motion for new trial has failed to

preserve error and may not raise his complaint for the first time on appeal.")[3]

Appellant invites us to adopt the reasoning of a concurring opinion in *Vidaurri*, but we must follow the precedent of the majority's opinion. *See State v. Stevenson*, 993 S.W.2d 857, 867 (Tex. App.—Fort Worth 1999, no pet.) (op. on remand) ("Because a decision of the court of criminal appeals is binding precedent, we are compelled to comply with its dictates.").

We hold that appellant's failure to object to the lack of a separate punishment hearing at trial or in a motion for new trial forecloses his ability to raise his point on appeal. *See Vidaurri*, 49 S.W.3d at 886. Thus, we overrule the point.

---

[3]We have held the same. *See Levier v. State*, No. 02-03-00436-CR, 2004 WL 1175318, at *2 (Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op., not designated for publication). In the case that appellant principally relies on, the defendant preserved error about the lack of a punishment hearing because he specifically raised the issue in a motion for new trial. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

## Conclusion

Having overruled appellant's only point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 13, 2011