02-09-432-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00432-CR 

 

 


 
 
 Jason M. Powers
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
396th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant Jason M. Powers appeals his conviction for credit card abuse, which is a
state jail felony.[2]  He argues that the trial court erred when it
did not hold a separate punishment hearing after revoking his community
supervision and adjudicating his guilt. 
We affirm.

Background Facts

          A Tarrant County grand jury indicted
appellant for credit card abuse.  Appellant
pled guilty.  The trial court placed him
on deferred adjudication community supervision for a two-year term, and
appellant agreed to comply with several explicit conditions.

          Less than a year later, the State petitioned
the trial court to proceed with adjudicating appellant guilty, alleging that
appellant failed to attend a substance abuse evaluation and an intensive day
treatment program.  Appellant pled true
to both of these contentions, and then he briefly testified about the facts of
the underlying offense and why he had failed to comply with the community
supervision conditions.  The trial court
asked whether the State or appellant had any additional questions to ask, and
then both sides rested and closed.  After
the parties declined to give closing arguments, the trial court found appellant
guilty and immediately sentenced him to a year’s confinement.  Appellant’s counsel said there was “no legal
reason” why the sentence should not be pronounced.  Appellant filed a motion for new trial on the
sole ground that the “verdict was contrary to law and evidence,” and he also
filed a notice of this appeal.

The Forfeiture of Appellant’s Point

          In his only point, appellant argues
that the trial court erred when it failed to hold a separate punishment hearing
after adjudicating his guilt.  He asks us
to remand this case to the trial court for a new punishment hearing.  The State argues, in part, that appellant’s
point has been forfeited.  We agree with
the State.

          To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

          The court of criminal appeals has held
that a separate punishment hearing that follows a revocation of deferred
adjudication and an adjudication of guilt is “a statutory right which can be
waived.”  Vidaurri v. State, 49 S.W.3d 880,
886 (Tex. Crim. App. 2001).  Thus,
to avoid forfeiture of the right to a separate punishment hearing, a defendant
must complain at trial or in a motion for new trial.  Id.;
see Hardeman v. State, 1 S.W.3d
689, 690 (Tex. Crim. App. 1999); Lincoln
v. State, 307 S.W.3d 921, 925 (Tex. App.—Dallas 2010, no pet.); Gober v. State, 917 S.W.2d 501, 502 (Tex.
App.—Austin 1996, no pet.) (“We hold that an accused who raises no objection [to
the lack of a separate hearing on punishment] at the [adjudication] hearing or
in a motion for new trial has failed to preserve error and may not raise his
complaint for the first time on appeal.”).[3]  Appellant invites us to adopt the reasoning
of a concurring opinion in Vidaurri, but we must follow the precedent of the majority’s
opinion.  See State v. Stevenson, 993 S.W.2d 857,
867 (Tex. App.—Fort Worth 1999, no pet.) (op.
on remand) (“Because a decision of the court of criminal appeals is binding
precedent, we are compelled to comply with its dictates.”).

          We hold that appellant’s failure to
object to the lack of a separate punishment hearing at trial or in a motion for
new trial forecloses his ability to raise his point on appeal.  See
Vidaurri, 49 S.W.3d at 886. 
Thus, we overrule the point.

Conclusion

          Having overruled appellant’s only
point, we affirm the trial court’s judgment.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 13, 2011











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 32.31(b)(1)(A),
(d) (Vernon Supp. 2010).





[3]We
have held the same.  See Levier v. State, No. 02-03-00436-CR, 2004 WL 1175318, at *2
(Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op., not designated for publication).  In the case that appellant principally relies
on, the defendant preserved error about the lack of a punishment hearing
because he specifically raised the issue in a motion for new trial.  See
Issa v. State, 826 S.W.2d
159, 161 (Tex. Crim. App. 1992).