NO.  07-10-0191-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 8, 2011
_____

FRANCISCO F. SALINAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,638; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Francisco F. Salinas appeals the judgment adjudicating him guilty of aggravated assault with a deadly weapon.  Through a single issue, he contends that the trial court erred when it failed to conduct a separate punishment hearing pursuant to article 42.12 §5(b) of the Code of Criminal Procedure.  We affirm.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or

motion. TEX. R. APP. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Furthermore, the Court of Criminal Appeals has held that a separate punishment hearing that follows a revocation of deferred adjudication and an adjudication of guilt is "a statutory right which can be waived." *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). Thus, to avoid forfeiture of the right to a separate punishment hearing, a defendant must complain at trial or in a motion for new trial. *Id.*; *see Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Lincoln v. State*, 307 S.W.3d 921, 925 (Tex. App.–Dallas 2010, no pet.); *Gober v. State*, 917 S.W.2d 501, 502 (Tex. App.–Austin 1996, no pet.) (holding "that an accused who raises no objection [to the lack of a separate hearing on punishment] at the [adjudication] hearing or in a motion for new trial has failed to preserve error and may not raise his complaint for the first time on appeal").

Here, appellant failed to object at the time of trial. Nor did he mention anything about the lack of a separate punishment hearing in his motion for new trial. Therefore, the complaint before us was not preserved for review, and we overrule the issue. *See Vidaurri*, 49 S.W.3d at 886.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.