Thalia Lakeitha LINCOLN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–08–01558–CR.

Court of Appeals of Texas,
Dallas.

March 16, 2010.

Stephanie Michelle Duecker, Allen, for appellant.

John R. Roach Sr., Emily Johnson-Liu, Collin County District Attorneys, for the State.

Before Justices FITZGERALD, MURPHY, and MYERS.

## OPINION

Opinion by Justice FITZGERALD.

The trial court found Thalia Lakeitha Lincoln guilty of criminal mischief and assessed her punishment at two years' confinement probated for five years, 120 days of community service, and restitution. Lincoln appeals, contending (1) the trial court convicted her without taking a plea, (2) the evidence was insufficient to support her conviction, and (3) the trial court sentenced her without a separate hearing on punishment. We affirm.

Lincoln and Robert Brooks had a son together three years before the incident underlying the criminal mischief charge. At trial, both conceded their relationship was contentious. On the day of the incident, Lincoln went to Brooks's home to pick up their son for visitation. She rang the doorbell and knocked on the door repeatedly, but there was no answer. While she was knocking on the door, a custom glass panel in the door broke. Lincoln reported, and later claimed at trial, that the glass broke when her bracelet accidentally knocked against it. Lincoln was charged with and convicted of criminal mischief.

In her first issue, Lincoln contends the trial court committed fundamental error by convicting her without her entering a plea. "It is well settled in this state that a plea must be entered in every criminal case and if no plea is entered, the trial is a nullity, since there is no issue for the jury or the court." *Lumsden v. State,* 384 S.W.2d 143, 144 (Tex.Crim.App.1964). The reporter's record of Lincoln's trial does not include a plea. However, the judgment recites that she pleaded not guilty. Recitals in a judgment create a "presumption of regularity and truthfulness," and these recitals are binding unless there is direct proof of their falsity. *Breazeale v. State,* 683 S.W.2d 446, 450–51 (Tex.Crim.App.1984). A second presumption operates in these circumstances as well: unless the record affirmatively shows the contrary, our appellate rules require us to presume Lincoln pleaded to the indictment. *See* TEX.R.APP. P. 44.2(c)(4).

Lincoln relies on this Court's opinion in *Ownby v. Harkins,* 705 S.W.2d 788 (Tex. App.-Dallas 1986, orig. proceeding); however, *Harkins's* procedural history was significantly different from the history of

the case before us. In *Harkins,* the trial court called the case for trial, but the prosecutor was not present in the courtroom. The trial court immediately solicited and granted a motion for directed verdict in favor of the defendant. *Id.* at 789. In a very real sense, the defendant's issues were never joined. Instead, the result of the proceedings was solely a function of the conduct of the prosecutor and the trial court's response to that conduct.[1] The trial court subsequently signed a written order granting the motion for directed verdict. The order declared the State failed to appear and recited that the defendant had entered a plea of not guilty. *Id.* at 790. The State sought mandamus relief. Our opinion concluded:

> Although the order of the trial court recites that [the defendant] entered his plea of not guilty, this recitation does not control because the statement of facts shows the contrary.... The statement of facts at trial affirmatively shows that no inquiry was made as to how [the defendant] wished to plead and he did not enter a plea. Because no plea was entered, the trial, including the action of the trial court in granting a motion for a directed verdict of not guilty, was a nullity.

*Id.* (citations omitted). We conditionally granted the writ.

Unlike the defendant in *Harkins,* Lincoln had a trial in which issues were fully contested, and it is apparent she took the position she was not guilty. Lincoln testified to her own version of events, asserting the damage to the door was not done purposefully. In closing, her attorney asked the court to find Lincoln not guilty, arguing the State had not proved beyond a reasonable doubt that Lincoln had broken the glass intentionally or knowingly. And Lincoln did not object—either at trial or after trial—to the court's failure to take her plea.

The circumstances of Lincoln's case are nearly identical to those recently addressed by this Court in *Fournier v. State,* No. 05–08–01413–CR, 2009 WL 3823395 (Tex.App.-Dallas Nov. 17, 2009, no pet.) (not designated for publication). In *Fournier,* the defendant received a full trial on the aggravated assault charge against her, but the reporter's record did not show her plea to the indictment. On appeal, Fournier argued she was convicted without the trial court taking her plea, and she relied on *Harkins.* We concluded that "given the applicable presumptions, the absence of objection by appellant, and the factual distinctions between this case and *Harkins,* ... fundamental error did not occur." *Id.* at *3.

 We remain persuaded by the reasoning in *Fournier.* We have reviewed the entire record in Lincoln's case, as we did in Fournier's, and again we find nothing affirmatively establishing that the defendant did *not* enter a plea. A silent record will not suffice as an affirmative showing and thus will not overcome presumptions of regularity. *Breazeale,* 683 S.W.2d at 450 (absence of jury waiver in trial record insufficient to overcome presumption that judgment's recital of jury waiver is true); *Osteen v. State,* 642 S.W.2d 169, 171 (Tex.Crim.App.1982) (absent affirmative showing jurors were *not*

---

1. When the prosecutor did make an appearance, the judge stated:

> You're required like anyone else to appear when a case is set, and your failure to appear is the reason a directed verdict was granted against you for the defendant.

> In the future when cases are set you will appear at the time when set or show cause. The Court is not here at your convenience. Your failure to appear has resulted in a verdict against you.

*Harkins,* 705 S.W.2d at 789.

properly sworn, statute's—later appellate rule's—presumption that they *were* properly sworn prevails). When a judgment contains a recital, as it does in Lincoln's case, "the burden is on the accused to establish otherwise, if [she] claims that the contrary is true." *Breazeale*, 683 S.W.2d at 451. Lincoln failed to carry that burden. We overrule her first issue.

■ In her second issue, Lincoln challenges the legal and factual sufficiency of the evidence supporting her conviction. We apply well-known standards when reviewing challenges to the sufficiency of the evidence. In a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences, any rational trier of fact could have found the defendant guilty of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Lane v. State*, 151 S.W.3d 188, 191–92 (Tex. Crim.App.2004). In a factual sufficiency review, we view all of the evidence in a neutral light and ask whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App.2007); *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim.App.2006). Evidence is factually insufficient when the evidence supporting the conviction is so weak that the verdict seems clearly wrong and manifestly unjust, or when the evidence supporting the conviction is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts*, 220 S.W.3d at 524. Under either analysis, the trier of fact is the sole judge of the witnesses' credibility and is free to accept or reject any or all of the evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App.2008).

Lincoln acknowledges she broke the glass in Brooks's front door. But she testified the door glass was already cracked in the area of the break and that the glass broke through when her bracelet accidentally knocked against it. Lincoln argues, thus, that there was insufficient evidence she broke the glass intentionally or knowingly. *See* Tex. Penal Code Ann. § 28.03(a) (Vernon 2003) (requiring conduct be committed intentionally or knowingly).

■ Proof of mental state will almost always depend upon circumstantial evidence. *Sadler v. State*, 728 S.W.2d 829, 831 (Tex.App.-Dallas 1987, no pet.). Circumstantial evidence alone can suffice to support a verdict. *See Smith v. State*, 965 S.W.2d 509, 515–16 (Tex.Crim.App.1998). Lincoln herself testified that she and Brooks had been in court a number of times concerning custody issues, the police had been called to Brooks's house when she was there, and Brooks had been violent toward her in the past. The trial court could have reasonably inferred Lincoln had become frustrated or angry when Brooks was not there with their son for scheduled visitation. There was also evidence that significant force would have been necessary to put a hole through the thick glass and to bend the metal support behind the glass. Again, a rational factfinder could have concluded that purposeful force was used to break the glass. Lincoln points to the fact that she reported the glass breakage to a security guard and tried to telephone Brooks to tell him as well. But Lincoln acknowledged that she had been admitted to Brooks's gated community by the same security guard, who had recognized her. A factfinder could certainly infer Lincoln would have been identified and asked to explain the damage if she had not reported it. The trial court was free to disbelieve Lincoln's story that

she broke the glass accidentally. *See Lancon,* 253 S.W.3d at 707. Applying the proper standards, we conclude there is ample evidence supporting Lincoln's conviction, including her mental state. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781; *Roberts,* 220 S.W.3d at 524. We overrule Lincoln's second issue.

 In her third issue, Lincoln complains the trial court sentenced her without affording her a separate punishment hearing. The record confirms that immediately after finding Lincoln guilty of criminal mischief, the trial court announced her sentence. The judge stated he would have a hearing to determine the amount of restitution due if the parties could not agree what the door was worth. Then he asked: "Is there anything else from either side?" Lincoln's attorney answered: "No, Your Honor." The trial court did hold the restitution hearing; Lincoln did not object to the lack of a punishment hearing or attempt to offer punishment evidence at that time. Further, Lincoln failed to raise the issue in a motion for new trial. Lincoln was entitled to a punishment hearing after her adjudication of guilt. *See Vidaurri v. State,* 49 S.W.3d 880, 885 (Tex.Crim.App.2001). However, her right to a separate punishment hearing is a statutory right that can be waived. *See id.* at 886. We conclude Lincoln failed to preserve her complaint, and we overrule her third issue.

We affirm the trial court's judgment.