

## NUMBER 13-09-00650-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JESUS GARCIA A/K/A JESUS GARCIA JR.,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Chief Justice Valdez**

After a bench trial, appellant, Jesus Garcia a/k/a Jesus Garcia Jr., was convicted of the offense of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(1) (Vernon 2003) (providing that a person commits aggravated robbery if he commits robbery and causes serious bodily injury to another). The trial court sentenced

Garcia to forty years' confinement in the Texas Department of Criminal Justice-Institutional Division and assessed court costs. By a single issue, Garcia contends that the trial court convicted him without taking a plea. We affirm as modified.

## I. BACKGROUND

On August 12, 2009, Garcia was indicted by a Nueces County grand jury with the offense of aggravated robbery. On September 3, 2009, Garcia signed and filed a "Waiver of Arraignment" entering a plea of "not guilty." A bench trial was held on November 19, 2009, and the following evidence was presented.

Garcia attended a party in the early morning hours of June 14, 2009, where he drank alcohol and consumed Xanax.[1] When the party ended, some of Garcia's friends discussed robbing people in the neighborhood. John Ray, one of Garcia's friends, testified that he and three other men, not including Garcia, approached a pickup truck in front of a nearby house. Ray stated that Jose Lucio, the owner of the pickup truck, came out of the house and confronted the men. At some point, a fight broke out between Lucio and three men, one of whom was identified as Garcia. Ray testified that he saw Garcia repeatedly kick Lucio on the upper half of his body as Lucio lay on the ground.[2] Garcia, Ray, and another man fled the scene but later returned and were apprehended. Garcia was found in possession of Lucio's necklace.

Garcia testified on his own behalf that he took drugs, including Xanax, before the party, then took more Xanax and drank alcohol at the party. Garcia stated that he was not

---

[1] Xanax is a type of medication "used to treat anxiety disorders, panic disorders, and anxiety caused by depression." Xanax, available at http://www.drugs.com/xanax.html (last visited July 27, 2010).

[2] Additional testimony revealed that Lucio suffered head trauma and brain injury. Lucio is now unable to care for himself and has to be fed through a feeding tube.

involved in the assault of Lucio and did not know how he came into possession of Lucio's necklace. Garcia presented two witnesses on his behalf who testified that he was "barred out," or under the influence of Xanax, on the night in question. Three witnesses stated that they had never seen Garcia exhibit signs of violence when he was under the influence of Xanax.

At the conclusion of the trial, the trial court found Garcia guilty of aggravated robbery. *See id.* The trial court subsequently sentenced Garcia to forty years' imprisonment and assessed court costs. This appeal followed.

## II. Discussion

In his sole issue, Garcia asserts that the trial court committed fundamental error by convicting him "without first taking his plea or entering a plea on his behalf."

The code of criminal procedure requires a plea to be entered in every criminal case. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.12 (Vernon 2009), 26.13 (Vernon Supp. 2009). "'It is well settled in this state that a plea must be entered in every criminal case and if no plea is entered, the trial is a nullity, since there is no issue for the jury or the court.'" *Lincoln v. State*, 307 S.W.3d 921, 922 (Tex. App.–Dallas 2010, no pet.) (quoting *Lumsden v. State*, 384 S.W.2d 143, 144 (Tex. Crim. App. 1964)). The clerk's record reveals that, prior to trial, Garcia signed and filed a "Waiver of Arraignment," wherein he entered a plea of "not guilty." However, to support his claim that no plea was entered, Garcia relies on the reporter's record of the bench trial, which does not show a plea to the indictment by Garcia.

We must presume that the defendant pleaded to the indictment unless the matter was disputed in the trial court or the record affirmatively shows the contrary. *See* TEX. R.

3

APP. P. 44.2(c)(4); *Lincoln*, 307 S.W.3d at 922. Garcia does not point us to a place in the record where he disputed that he pleaded to the indictment—Garcia did not object in the trial court, nor did he object post-trial. Moreover, nothing in the record affirmatively demonstrates that Garcia failed to enter a plea. A silent record does not amount to an affirmative showing. *See, e.g., Osteen v. State*, 642 S.W.2d 169, 171 (Tex. Crim. App. 1982) (concluding that a silent record did not overcome the presumption created by the predecessor to rule 44.2(c) that a jury was properly impaneled and sworn); *Lincoln*, 307 S.W.3d at 923 (holding that "[a] silent record will not suffice as an affirmative showing" to successfully rebut the presumption that the defendant entered a plea). Thus, because Garcia failed to prove that he did not plead to the indictment before the trial court, and the record does not affirmatively refute that he entered a plea, we must presume that Garcia pleaded to the indictment. *See* TEX. R. APP. P. 44.2(c)(4); *Lincoln*, 307 S.W.3d at 923-24; *Vasquez v. State*, 680 S.W.2d 626, 629 (Tex. App.–Corpus Christi 1984, no pet.) (Under predecessor to rule 44.2(c), applying the presumption that appellant pleaded to the indictment). We overrule Garcia's sole issue.

### III. MODIFICATION OF JUDGMENT

As previously discussed, Garcia failed to refute the presumption that he pleaded to the indictment. The trial court judgment recites that Garcia pleaded "guilty" to the indictment, but Garcia argues that this recital is "erroneous[]" and that "defense counsel, in his opening statement and closing argument, asks the court to acquit [Garcia] of the charge in the indictment, which would make no sense had [Garcia] intended to plead guilty." The Texas Rules of Appellate Procedure give this Court authority to modify judgments sua sponte to correct typographical errors and make the record speak the truth.

4

TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App.1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.–Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.–Corpus Christi 1982, pet. ref'd). The record is clear that Garcia elected to have his case submitted to the trial court for trial and did not enter a "guilty" plea. Accordingly, we reform the judgment to reflect a plea of "not guilty" to the offense charged.

## IV. CONCLUSION

We affirm the judgment as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
19th day of August, 2010.

5