NUMBER 13-09-00650-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JESUS GARCIA A/K/A JESUS GARCIA JR., Appellant,


v.

 

THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Chief Justice Valdez
 

 After a bench trial, appellant, Jesus Garcia a/k/a Jesus Garcia Jr., was convicted
of the offense of aggravated robbery, a first-degree felony. See Tex. Penal Code Ann. §
29.03(a)(1) (Vernon 2003) (providing that a person commits aggravated robbery if he
commits robbery and causes serious bodily injury to another). The trial court sentenced
Garcia to forty years' confinement in the Texas Department of Criminal Justice-Institutional
Division and assessed court costs. By a single issue, Garcia contends that the trial court
convicted him without taking a plea. We affirm as modified.

I. Background

 On August 12, 2009, Garcia was indicted by a Nueces County grand jury with the
offense of aggravated robbery. On September 3, 2009, Garcia signed and filed a "Waiver
of Arraignment" entering a plea of "not guilty." A bench trial was held on November 19,
2009, and the following evidence was presented.

 Garcia attended a party in the early morning hours of June 14, 2009, where he
drank alcohol and consumed Xanax. (1) When the party ended, some of Garcia's friends
discussed robbing people in the neighborhood. John Ray, one of Garcia's friends, testified
that he and three other men, not including Garcia, approached a pickup truck in front of a
nearby house. Ray stated that Jose Lucio, the owner of the pickup truck, came out of the
house and confronted the men. At some point, a fight broke out between Lucio and three
men, one of whom was identified as Garcia. Ray testified that he saw Garcia repeatedly
kick Lucio on the upper half of his body as Lucio lay on the ground. (2) Garcia, Ray, and
another man fled the scene but later returned and were apprehended. Garcia was found
in possession of Lucio's necklace.

 Garcia testified on his own behalf that he took drugs, including Xanax, before the
party, then took more Xanax and drank alcohol at the party. Garcia stated that he was not
involved in the assault of Lucio and did not know how he came into possession of Lucio's
necklace. Garcia presented two witnesses on his behalf who testified that he was "barred
out," or under the influence of Xanax, on the night in question. Three witnesses stated that
they had never seen Garcia exhibit signs of violence when he was under the influence of
Xanax. 

 At the conclusion of the trial, the trial court found Garcia guilty of aggravated
robbery. See id. The trial court subsequently sentenced Garcia to forty years'
imprisonment and assessed court costs. This appeal followed.

II. Discussion

 In his sole issue, Garcia asserts that the trial court committed fundamental error by
convicting him "without first taking his plea or entering a plea on his behalf." 

 The code of criminal procedure requires a plea to be entered in every criminal case. 
See Tex. Code Crim. Proc. Ann. arts. 26.12 (Vernon 2009), 26.13 (Vernon Supp. 2009). 
"'It is well settled in this state that a plea must be entered in every criminal case and if no
plea is entered, the trial is a nullity, since there is no issue for the jury or the court.'" Lincoln
v. State, 307 S.W.3d 921, 922 (Tex. App.-Dallas 2010, no pet.) (quoting Lumsden v. State,
384 S.W.2d 143, 144 (Tex. Crim. App. 1964)). The clerk's record reveals that, prior to trial,
Garcia signed and filed a "Waiver of Arraignment," wherein he entered a plea of "not
guilty." However, to support his claim that no plea was entered, Garcia relies on the
reporter's record of the bench trial, which does not show a plea to the indictment by Garcia.

 We must presume that the defendant pleaded to the indictment unless the matter
was disputed in the trial court or the record affirmatively shows the contrary. See Tex. R.
App. P. 44.2(c)(4); Lincoln, 307 S.W.3d at 922. Garcia does not point us to a place in the
record where he disputed that he pleaded to the indictment--Garcia did not object in the
trial court, nor did he object post-trial. Moreover, nothing in the record affirmatively
demonstrates that Garcia failed to enter a plea. A silent record does not amount to an
affirmative showing. See, e.g., Osteen v. State, 642 S.W.2d 169, 171 (Tex. Crim. App.
1982) (concluding that a silent record did not overcome the presumption created by the
predecessor to rule 44.2(c) that a jury was properly impaneled and sworn); Lincoln, 307
S.W.3d at 923 (holding that "[a] silent record will not suffice as an affirmative showing" to
successfully rebut the presumption that the defendant entered a plea). Thus, because
Garcia failed to prove that he did not plead to the indictment before the trial court, and the
record does not affirmatively refute that he entered a plea, we must presume that Garcia
pleaded to the indictment. See Tex. R. App. P. 44.2(c)(4); Lincoln, 307 S.W.3d at 923-24;
Vasquez v. State, 680 S.W.2d 626, 629 (Tex. App.-Corpus Christi 1984, no pet.) (Under
predecessor to rule 44.2(c), applying the presumption that appellant pleaded to the
indictment). We overrule Garcia's sole issue. 

III. Modification of Judgment

 As previously discussed, Garcia failed to refute the presumption that he pleaded to
the indictment. The trial court judgment recites that Garcia pleaded "guilty" to the
indictment, but Garcia argues that this recital is "erroneous[]" and that "defense counsel,
in his opening statement and closing argument, asks the court to acquit [Garcia] of the
charge in the indictment, which would make no sense had [Garcia] intended to plead
guilty." The Texas Rules of Appellate Procedure give this Court authority to modify
judgments sua sponte to correct typographical errors and make the record speak the truth. 
Tex. R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App.1992); Rhoten
v. State, 299 S.W.3d 349, 356 (Tex. App.-Texarkana 2009, no pet.); Gray v. State, 628
S.W.2d 228, 233 (Tex. App.-Corpus Christi 1982, pet. ref'd). The record is clear that
Garcia elected to have his case submitted to the trial court for trial and did not enter a
"guilty" plea. Accordingly, we reform the judgment to reflect a plea of "not guilty" to the
offense charged.

IV. Conclusion

 We affirm the judgment as modified.

 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

19th day of August, 2010. 


 
1. Xanax is a type of medication "used to treat anxiety disorders, panic disorders, and anxiety caused
by depression." Xanax, available at http://www.drugs.com/xanax.html (last visited July 27, 2010).
2. Additional testimony revealed that Lucio suffered head trauma and brain injury. Lucio is now unable
to care for himself and has to be fed through a feeding tube.