

**NUMBERS**
**13-12-00542-CR**
**13-12-00543-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ROLANDO ROMERO,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

On August 7, 2012, following a revocation hearing, the trial court granted the

State's motions to revoke appellant Rolando Romero's community supervision in

appellate cause numbers 13-12-542-CR[1] and 13-12-543-CR.[2] In each case, appellant contends: (1) the trial court lacked jurisdiction because the revocations occurred after the probationary periods had ended and the State failed to exercise due diligence; (2) the evidence was insufficient to support revocation and punishment; (3) the trial court erred in failing to conduct a separate punishment hearing; (4) he was denied effective assistance of counsel; and (5) the trial court lacked jurisdiction because the offense in cause number 13-12-543-CR was a misdemeanor. We affirm as modified.

## I. BACKGROUND

Appellant was arrested on April 21, 2006 for possession of cocaine and driving while intoxicated. In cause number 13-12-542-CR, he was indicted for possession of cocaine, a state jail felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). On July 6, 2007, pursuant to a plea agreement, appellant pleaded guilty to the offense. The trial court deferred adjudication and placed appellant on community supervision for a period of five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2012). The terms of appellant's community supervision included, among other things, that he pay a fine of $1,000.00 in monthly installments and commit no additional offense.

On February 22, 2011—within the probationary period—the State filed an original motion to revoke appellant's community supervision, alleging that he committed the offense of possession of marijuana in Aransas County. On September 12, 2011, the State filed an amended motion to revoke, alleging violations that included the Aransas

---

[1] Trial court cause number 06-CR-1498-C.

[2] Trial court cause number 06-CR-2992-C.

County possession of marijuana offense, possession of a controlled substance, and consumption of alcohol. Because he was incarcerated at the time, appellant was served with a precept on September 15, 2011, notifying him of the motion to revoke and the State's allegations.

In cause number 13-12-543-CR, appellant was indicted for driving while intoxicated, elevated to a third-degree felony offense by two prior convictions. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011); *id.* § 49.09(b)(2) (West 2011). On July 6, 2007, pursuant to a plea bargain, appellant pleaded guilty. The trial court sentenced him to five years' confinement, suspended the sentence, and placed him on community supervision for five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (West Supp. 2012). The conditions of appellant's community supervision included, among other things, that he commit no new offense and that he pay a $1,000.00 fine in monthly installments. The judgment imposing community supervision stated that the sentence shall run concurrently with the deferred-adjudication community supervision sentence in cause number 13-12-542-CR.

As in cause number 13-120542-CR, the State filed a motion to revoke on February 22, 2011, alleging that appellant committed the offense of possession of marijuana in Aransas County and failed to pay the $1,000.00 fine. On September 12, 2011, the State filed an amended motion to revoke, alleging the Aransas County offense and failure to pay the $1,000.00 fine, and adding allegations of possession of a controlled substance, consumption of alcohol, and failure to pay the monthly supervision fee. Because he was incarcerated at the time, on September 15, 2011, appellant was served with a precept notifying him of the motion to revoke and the State's allegations.

3

On August 7, 2012, the trial court held a joint revocation hearing in both causes. In cause number 13-12-542-CR, the State abandoned two allegations, leaving only the allegation of possession of marijuana in Aransas County. In cause number 13-12-543-CR, the State abandoned all allegations except the consumption of alcohol and failure to pay the $1,000.00 fine and monthly supervision fees.

In 13-12-542-CR, the trial court asked appellant if he committed the possession of marijuana offense in Aransas County. Appellant responded, "Yes, but I am in an appeal in that case." The trial court stated, "Well, I'm just asking if it's true or not true." Appellant responded, "Yes." As to 13-12-543-CR, the trial court asked appellant if he was behind in paying the fine and monthly supervision fees. Appellant responded, "Yes, but—." Appellant testified, explaining to the trial court, "I committed the crime in Aransas where I have an appeal." Appellant also explained that, during the time he was incarcerated, between October 2010 and April 2011, he instructed his wife to pay the monthly fees. Appellant explained that he believed that he owed only one $1,000.00 fine and was unaware that he owed a $1,000.00 fine in each case. At the conclusion of the hearing, the trial court stated, without objection, "Then based on the Defendant's pleas of true in both cases to the allegations in Aransas County and to the mon[ies]— the mon[ies] in [cause number 13-12-543-CR], the Court finds the allegations to be true." The trial court adjudicated appellant guilty in cause number 13-12-542-CR, revoked his community supervision in both cases, and sentenced him to five years' incarceration in each case.[3] The trial court stated that the sentences were to "run concurrent with one another but consecutive to the case in Aransas County."

---

[3] We note that the judgment in cause number 13-12-542-CR states that the sentence imposed is two years in state jail. It also states that the sentence is to run concurrently with the sentence in 13-12-543-CR and the Aransas County case.

4

We note that the judgment in cause number 13-12-543-CR also states that the sentence shall run concurrently with the sentence in 13-12-542-CR and the Aransas County case. If there is a conflict between the written judgment and the oral pronouncement, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287 (Tex. Crim. App. 2003). An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Accordingly, we reform the judgment in 13-12-542-CR to reflect a sentence of five years, and that the sentence shall run concurrently with the sentence in 13-12-543-CR, but consecutively to the sentence in the Aransas County case. Similarly, in cause number 13-12-543-CR, we reform the judgment to state that the sentence shall run concurrently with the sentence in 13-12-542-CR, but consecutively to the sentence in the Aransas County case.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.). A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Id.*

## III. DISCUSSION

### A. Expiration of Probationary Period and Due Diligence

By his first issue, appellant contends the trial court lacked jurisdiction to revoke his community supervision in both cases because his period of community supervision ended in July 2012, approximately a month before the revocation hearing. By a sub-issue, he also complains that the State failed to act with due diligence in hearing the revocation allegations.

In 2003, the legislature amended article 42.12 of the code of criminal procedure by adding sections 21(e) and 24. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 21(e), 24 (West Supp. 2012). "Section 21(e) expressly extends the trial court's jurisdiction over revocation proceedings beyond the expiration of a defendant's community supervision so long as, before that time, the State has filed a motion to revoke, continue, or modify community supervision and a capias has issued." *State v. Garcia*, 387 S.W.3d 20, 23 (Tex. Crim. App. 2012); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e).[4] Here, in each case, the State filed a motion to revoke and an amended motion to revoke on February 22, 2011 and September 12, 2011, respectively, well before the period of community supervision ended. Also, because appellant was already incarcerated, no capias was issued, but appellant was served with a precept on September 15, 2011 notifying him of the State's allegations in each case.

By adding section 24 to article 42.12, the legislature eliminated the common-law due-diligence defense and replaced it with the limited affirmative defense provided in section 24. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24; *Garcia*, 387 S.W.3d at 26. The due-diligence defense applies only to two revocation allegations, neither applicable here: failure to report to an officer as directed, and failure to remain within a specified

---

[4] The legislature also added section 5(h) to article 42.12, which expressly extended the trial court's jurisdiction over revocation proceedings beyond the expiration of deferred-adjudication community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (West Supp. 2012).

6

place.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24; *Garcia*, 387 S.W.3d at 24.  We overrule appellant's first issue.

### B.  Sufficiency of Evidence to Support Revocation

By his second issue, appellant contends that the evidence is insufficient to support the State's allegations because the State presented no evidence at the revocation hearing.  Appellant contends that his plea of "true" in cause number 13-12-542-CR to the allegation that he committed the Aransas County offense was "equivocal," and that he pleaded "not true" to the allegation that he failed to pay the $1,000.00 fine in cause number 13-12-543-CR.  Appellant also contends that in cause number 13-12-543-CR, the State was required to prove—and failed to prove—that he had the ability to pay the $1,000.00 fine and willfully failed to pay.

The court of criminal appeals has held that a plea of true is itself sufficient to support revocation of community supervision.  *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).  Violation of a single condition of community supervision is a sufficient ground to support revocation of community supervision.  *Id.*  Thus, if a defendant pleads true to violating any condition of his community supervision, he cannot claim that the evidence is insufficient to support revocation.  *See Mitchell v. State*, 482 S.W.2d 221, 222–23 (Tex. Crim. App. 1972) (noting that trial court is not required to hear evidence of guilt where defendant pleads true to revocation allegations).

Here, we disagree with appellant's assertions that his plea of "true" in cause number 13-12-342-CR was "equivocal" and that he pleaded "not true" in cause number 13-12-343-CR.  In 13-12-342-CR, appellant unequivocally pleaded true to the allegation that he committed the Aransas County offense, expressly stating that he "committed the

7

crime in Aransas."  In 13-12-343-CR, appellant also pleaded true to the allegation that he had failed to pay the $1,000.00 fine, although he offered the explanation that he believed he was only required to pay one fine, not two.

Under section 21(c) of article 42.12 of the code of criminal procedure, the State must show a defendant's ability to pay, but the requirement applies only when the State seeks to revoke community supervision for non-payment of compensation to counsel, community supervision fees, and court costs.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c).  The statute does not apply to non-payment of fines.  *See id.*; *Thomas v. State*, 379 S.W.3d 436, 441 (Tex. App.—Amarillo 2012, no pet.).  Thus, appellant's admission that the State's allegation of non-payment of the $1,000.00 fine was true was itself sufficient to support revocation in cause number 13-12-543-CR.  We overrule appellant's second issue.

### C.  Punishment Hearing

By his third issue, appellant complains that the trial court failed to hold a separate punishment hearing after adjudicating him guilty in cause number 13-12-542-CR and revoking his community supervision in both cases.

The court of criminal appeals has held that a separate punishment hearing that follows a revocation of deferred adjudication and an adjudication of guilt is "a statutory right which can be waived."  *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001).  Thus, to avoid forfeiture of the right to a separate punishment hearing, a defendant must complain at trial or in a motion for new trial.  *Id.*; *see Lincoln v. State*, 307 S.W.3d 921, 925 (Tex. App.—Dallas 2010, no pet.) (holding that the right to a separate punishment hearing is a statutory right that can be waived).  Here, appellant

8

neither objected to the trial court nor raised the issue in a motion for new trial. He therefore failed to preserve the issue for review. *See Vidaurri*, 49 S.W.3d at 886; *Lincoln*, 307 S.W.3d at 925. We overrule appellant's third issue.

### D. Ineffective Assistance

By his fourth issue, appellant contends that he received ineffective assistance of counsel. Specifically, appellant contends his trial counsel was ineffective by: (1) failing to challenge the trial court's jurisdiction; (2) failing to raise the issue of the State's due diligence; (3) failing to object to the use of the Aransas County offense; (4) failing to present evidence regarding appellant's knowledge of the fines imposed; (5) failing to present any mitigation witnesses or evidence at punishment; and (6) failing to request credit for jail time served.

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in

9

the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

We have already determined that the trial court did not lack jurisdiction and that no due diligence defense was available to appellant. Regarding defense counsel's failure to object to the State's reliance on the Aransas County offense on grounds that the conviction was on appeal, appellant has cited no authority that any objection by defense counsel on those grounds would have been sustained.

Moreover, appellant has made no attempt to show that there is a reasonable probability that, but for the alleged errors, the outcome of trial would have been different. *See Boyd v. State*, 811 S.W.2d 105, 109 (Tex. Crim. App. 1991). When, as here, an appellant fails to meet the prejudice prong, we need not address the question of counsel's performance on these points. *See id.* The failure to make a showing under either of the required prongs of *Strickland* defeats a claim for ineffective assistance of counsel. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc). We overrule appellant's fourth issue.

### E.  Underlying Felony Conviction

By his fifth issue, appellant complains that his conviction for driving while intoxicated (DWI) in cause number 13-12-543-CR is a misdemeanor, not a felony. Appellant argues that the DWI offense was a misdemeanor, not a felony, based on the fact that the caption of the indictment erroneously referred to the statute for misdemeanor DWI. Appellant's counsel concedes that "[t]his issue may be a frivolous issue at this time" and further concedes that he is precluded from collaterally attacking on appeal the underlying conviction. We agree. With limited exceptions not applicable here, in an appeal from a revocation order, an appellant cannot collaterally attack the underlying conviction. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). In addition, the body of the indictment clearly alleges two prior DWI convictions, elevating the offense to a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). The fact that the caption references the misdemeanor DWI statute is of no consequence because the caption is not part of the indictment. *See Adams v. State*, 222 S.W/3d 37, 53 (Tex. App.—Austin 2005, pet. ref'd). We overrule appellant's fifth issue.

11

## IV. CONCLUSION

We affirm the trial court's judgments as modified in cause numbers 13-12-542-CR and 13-12-543-CR.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2013.

12