

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0061-15

**CARLTON WOOD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The presumptions in R. 44.2(c)[1] address certain more-or-less mechanical requirements in a trial. Courts employ the rule when an appellant complains for the first time on appeal about things like the failure of the clerk to file the jury charge before it is read to the jury. The rule seems to be something of a holdover from the days when appellate courts would reverse a conviction for fundamental error when a procedural requirement might not have been followed and there was no complaint at trial. The only provision that creates a presumption that evidence was introduced is R. 44.2(c)(1), which presumes that venue was proved. Aside from that one subsection, the rule cannot

---

[1] TEX. R. APP. P. 44.2(c)

substitute for evidence that was not introduced at trial.[2]  Moreover, by its wording, the rule allows a presumption that an appellant pled to the charging instrument, but it does not even purport to allow a presumption that he pled "true."  I agree with the State that "silence in the record does not amount to an affirmative showing," but the only presumption that the rule allows is that there was a plea; it does not allow a presumption that the plea was "true."

The State would also rely on the fact that the judgment says that applicant pled "true" to the enhancement count.  Again, though, the cases upon which the State relies do not purport to substitute a presumption for the introduction of evidence to carry the State's burden of proof.  *Breazeale v. State*[3] relied on a statement in the judgment (that the defendant had waived a jury trial) to establish a presumption that there was such a waiver.  In *Lincoln v. State*,[4] the appellate court relied on a statement in the judgment that the defendant had pled "not guilty," and on Rule 44.2(c), to overcome a claim of fundamental error where the record failed to include a plea to the indictment.  The issue in these and other cases is not sufficiency of the evidence; the issue is whether certain procedural requirements were met.  Presuming that an event occurred at trial (the indictment was read, the charge was filed) prevents a defendant from making an issue of, and getting relief on, an issue that should not be raised for the first time on appeal.  But sufficiency of the evidence *can* be raised for the first time on appeal, and (except for venue) our law does not purport to allow presumptions to substitute for the introduction of evidence.  And, except for venue, the State has no burden of proof

---

[2]  It is worth noting that venue is not an element of an offense, it does not implicate sufficiency of the evidence, and the failure to prove it may be harmless in a given case.  *Schmutz v. State*, 440 S.W.3d 29, 34-39 (Tex. Crim. App. 2014).

[3]  683 S.W.2d 446 (Tex. Crim. App. 1984).

[4]  307 S.W. 921 (Tex. App.–Dallas 2010, no pet.).

on the matters that may be presumed under R. 44.2(c); the State does have the burden of proof on enhancement allegations.[5] The presumption of regularity that applies to judgments cannot be used to relieve the State of its burden to prove an enhancement allegation beyond a reasonable doubt.

The State also argues that, even without the presumptions, the record is sufficient to prove the enhancement allegation. I agree with the court of appeals that the evidence is insufficient to do so. I would remand the case for a new punishment hearing, at which the State may once again attempt to prove the enhancement allegation.[6]

I respectfully dissent.

Filed: April 6, 2016
Publish

---

[5] *See Roberson v. State*, 420 S.W.3d 832, 838 (Tex. Crim. App. 2013); *Wise v. State*, 394 S.W.3d 594, 599 (Tex. App.–Dallas 2014, no pet.).

[6] *See Monge v. California*, 524 U.S. 721, 734 (1998); *Ex parte Miller*, 330 S.W.3d 610, 623 n.34 (Tex. Crim. App. 2009).