**AFFIRM as MODIFIED; and Opinion Filed July 31, 2017.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-16-01020-CR
No. 05-16-01021-CR
No. 05-16-01022-CR
No. 05-16-01023-CR

**JESSE GLEN SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-39523-M, F12-50728-M, F12-63898-M, F13-56986-M**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Schenck

Appellant Jesse Glen Sanchez appeals his convictions for the offenses of burglary of a habitation, aggravated robbery with a deadly weapon, and assault family violence enhanced. In his sole issue on appeal, appellant alleges he failed to enter pleas to the State's motions for revocation of community supervision and adjudication of guilt, which he contends renders the proceedings void. We affirm the trial court's judgments as modified. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL & PROCEDURAL BACKGROUND

In 2012, appellant judicially confessed to aggravated robbery with a deadly weapon and burglary of a habitation. The trial court deferred adjudication of guilt and placed appellant on community supervision for a period of eight years. In January 2013, appellant was indicted for

assault family violence, enhanced with a prior family violence offense. Five months later, appellant was indicted once again. This time, he was charged with assault family violence enhanced with a prior family violence offense. Again, in each of these 2013 cases, appellant judicially confessed. The trial court accepted his pleas of appellant guilty, convicted him, and sentenced him to ten years in prison, probated for ten years. Subsequently, the State moved to revoke community supervision or proceed with an adjudication of guilt in all four causes, alleging that appellant had violated conditions of community supervision by, among other things, committing the offense of murder on June 1, 2015. The State later included the allegation that appellant committed the offense of unlawful possession of a firearm.

During an August 15, 2016 pretrial hearing on appellant's pending murder trial and pending motions to revoke community supervision or adjudicate guilt, the State moved to strike all of the violations alleged in the State's motions with the exception of the murder and unlawful possession of a firearm allegations. Defense counsel entered pleas of not true on appellant's behalf. The trial court acted on appellant's pleas and proceeded to conduct a hearing on the merits solely on the State's motions. The trial court found appellant guilty of burglary of a habitation and aggravated robbery with a deadly weapon and revoked appellant's community supervision in both of the 2013 assault family violence enhanced causes. The trial court sentenced appellant to twenty years' imprisonment in the burglary cause, life imprisonment in his aggravated robbery cause, and ten years' imprisonment in each of the assault causes, with the sentences to run concurrently.

### APPELLANT'S PLEA

Appellant asserts that at no time did he enter pleas in response to the State's alleged violations of community supervision and that therefore the trial and judgments are a nullity. It is well settled in this state that a plea must be entered in every criminal case and if no plea is

entered, the trial is a nullity, since there is no issue for the jury or the court. *Lincoln v. State*, 307 S.W.3d 921, 922 (Tex. App.—Dallas 2010, no pet.). However, review of the reporter's record from the pretrial hearing reveals that defense counsel entered a plea on appellant's behalf. Accordingly, we overrule appellant's sole issue.

## MODIFICATION OF THE JUDGMENT

The State raises two cross-issues asking this Court to modify the judgments to correctly reflect the pleas entered by appellant. First, the State argues the trial court's judgments incorrectly reflect appellant pleaded "true" to the allegations in the State's motions to revoke community supervision or proceed with an adjudication of guilt. Second, the State contends the clerk of the court used the wrong judgment form when preparing the judgment in cause number F13-56986-M revoking appellant's community supervision.

As discussed above, appellant pleaded "not true" to the violations alleged in the State's motions to revoke probation or proceed with an adjudication of guilt. The record nonetheless reveals that the judgments erroneously state that appellant pleaded true to the State's motions.

Additionally, the record reflects appellant was convicted of bodily injury assault in cause number F13-56986-M, but the judgment is incorrectly titled "Judgment Adjudicating Guilt" rather than "Judgment Revoking Community Supervision." On June 23, 2017, we issued an order abating this case and directing the trial court to enter a corrected judgment of conviction that contained all of the statutorily mandated information. The trial court sent us a supplemental clerk's record containing a corrected judgment of conviction. Accordingly, we deny the State's second cross-issue as moot.

As for the State's first cross-issue, we have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify each judgment, including the

corrected judgment in cause number F13-56986-M, to reflect that appellant pleaded "not true" to the motion to revoke or to adjudicate.

## CONCLUSION

We affirm the trial court's judgments as modified.


　　　　　　　　　　　　　/David J. Schenck/
　　　　　　　　　　　　　DAVID J. SCHENCK
　　　　　　　　　　　　　JUSTICE


DO NOT PUBLISH
TEX. R. APP. P. 47

161020F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JESSE GLEN SANCHEZ, Appellant

No. 05-16-01020-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-39523-M.
Opinion delivered by Justice Schenck, Justices Francis and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect appellant pleaded "not true" to the motion to adjudicate.

As modified, the judgment is **AFFIRMED**.

Judgment entered this 31st day of July, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESSE GLEN SANCHEZ, Appellant

No. 05-16-01021-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-50728-M.
Opinion delivered by Justice Schenck,
Justices Francis and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect appellant pleaded "not true" to the motion to adjudicate.

As modified, the judgment is **AFFIRMED**.

Judgment entered this 31st day of July, 2017.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESSE GLEN SANCHEZ, Appellant

No. 05-16-01022-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-63898-M.
Opinion delivered by Justice Schenck, Justices Francis and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect appellant pleaded "not true" to the motion to revoke.

As modified, the judgment is **AFFIRMED**.

Judgment entered this 31st day of July, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESSE GLEN SANCHEZ, Appellant

No. 05-16-01023-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-56986-M.
Opinion delivered by Justice Schenck,
Justices Francis and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect appellant pleaded "not true" to the motion to revoke.

As modified, the judgment is **AFFIRMED**.

Judgment entered this 31st day of July, 2017.