Opinion by: Sandee Bryan Marion, Chief Justice
Jerald A. Washington was convicted of continuous violence against the family in a *341 bench trial. The only issue presented on appeal is whether the trial court erred in convicting Washington without first taking his plea or entering a plea on his behalf. Because we hold the record does not rebut the presumption that Washington pled to the indictment, we affirm the trial court's judgment.
BACKGROUND
Washington was indicted for continuous violence against the family. Before trial, Washington signed a jury waiver. Although the form provided a space to be completed with Washington's plea, the space was not completed.
After the trial court called the case for trial, defense counsel requested an opportunity to make a record in the trial judge's absence. After the trial judge exited the courtroom, defense counsel questioned Washington about his decision to reject the State's plea bargain offer. The record then reflects that a break was taken.
After the break, the prosecutor and defense counsel stated they were ready to proceed. Both the prosecutor and defense counsel waived their opening arguments; however, defense counsel stated, "I would just like to emphasize we believe the credibility of the complainant is going to be the determining issue in this matter." The trial then proceeded. During the trial, the State called four witnesses to testify, and Washington testified in his own defense. In his closing argument, defense counsel concluded, "It is Mr. Washington's position that if there is guilt in this case, it is guilt of only a misdemeanor offense of assault family occurring in September of 2015. And we would ask the Court to enter judgment that he is not guilty of the offense as charged in the indictment in Cause Number 2016-CR-1095."
At the conclusion of the trial, the trial court found Washington guilty of continuous violence against the family. Washington appeals.
DISCUSSION
"It is well settled in this state that a plea must be entered in every criminal case and if no plea is entered, the trial is a nullity, since there is no issue for the jury or the court." Lumsden v. State , 384 S.W.2d 143, 144 (Tex. Crim. App. 1964). Under Texas Rule of Appellate Procedure 44.2(c)(4), this court is required to presume Washington "pleaded to the indictment" unless the matter was "disputed in the trial court" or "the record affirmatively shows to the contrary." TEX. R. APP. P. 44.2(c)(4). "A silent record will not suffice as an affirmative showing and thus will not overcome presumptions of regularity." Lincoln v. State , 307 S.W.3d 921, 923 (Tex. App.-Dallas 2010, no pet.) ; see also Garcia v. State , No. 13-09-00650-CR, 2010 WL 3279494, at *2 (Tex. App.-Corpus Christi Aug. 19, 2010, no pet.) (not designated for publication) ("A silent record does not amount to an affirmative showing."); Brooks v. State , No. 06-03-00073-CR, 2004 WL 205596, at *1 (Tex. App.-Texarkana Feb. 4, 2004, pet. ref'd) (not designated for publication) ("[S]ilence in the record does not amount to an 'affirmative' showing.").
In this case, the reporter's record from Washington's trial is silent as to whether Washington entered a plea. Washington relies on the recital in the judgment stating that he pled nolo contendere as an affirmative showing that he did not enter a plea because a contested trial would not have proceeded if he had entered a plea of nolo contendere. We disagree that the recital is an "affirmative[ ] show[ing] to the contrary." Although the recital in the judgment may be erroneous, it supports the presumption that a plea was entered. Furthermore, Washington received a full trial on the charge against him after rejecting *342 the State's plea bargain offer, and defense counsel's closing argument refers to the reason Washington believed he was not guilty of the charge. See Lincoln , 307 S.W.3d at 923-24 (relying on record showing a fully contested trial and defense counsel's closing argument asking the court to find the defendant not guilty to support holding that appellant failed to meet her burden to show a plea was not entered). Because the reporter's record is silent with regard to whether Washington entered a plea and the record does not affirmatively show the contrary, we presume Washington entered a plea. TEX. R. APP. P. 44.2(c)(4).
CONCLUSION
The judgment of the trial court is affirmed.
ORDER
The panel has considered the appellant's Motion to Change Designation and Publish Opinion of the Court, and the motion is GRANTED.