**Jackie Ray OSTEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63073.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 20, 1982.

Ted Allmond, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty. and Jack C. Brock, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was convicted of capital murder; punishment was assessed at death.

By Governor's Proclamation No. 81–05465, issued June 17, 1981, appellant's punishment was commuted to confinement for life.

Appellant now contends the court erred in permitting the introduction of portions of the confession of appellant's co-defendant, Jude Walter Broussard. Broussard did not testify.

In *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1973), the United States Supreme Court recognized that no harm results when a non-testifying co-defendant's confession is admitted into evidence which conforms to the also-admitted confession of the complaining defendant.

In *Schneble,* as in the instant case, the appellant had originally given a partially exculpatory statement before confessing in a second statement to having taken the active role in a murder.

In *Wilder v. State,* 583 S.W.2d 349 (Tex. Cr.App.1979), this Court held that, in the circumstances, although the confessions were mutually contradictory upon such points as which of two defendants fired the fatal shots, under the test authorized in *Schneble,* "the probable impact . . . on the minds of an average jury", no harm was shown where both confessions admitted the complicity of both parties in the robbery-murder for which they were tried.

The instant case is much closer than *Wilder* to being on all fours with *Schneble,* in

that appellant's own second confession corroborates each of the material portions of the complained-of confession of his co-defendant, which was edited to excise uncorroborated material before being admitted as State's Exhibit No. 49.

The admission of portions of the statement of appellant's co-defendant was, to the extent that it was error, harmless. The ground of error is overruled.

Appellant next contends that the jury was improperly sworn in that no portion of the record affirmatively shows that it was sworn as a group, rather than merely as individuals.

Appellant recognizes that Art. 44.24(a), V.A.C.C.P., provides that this Court shall presume that the jury was properly impaneled and sworn unless it otherwise affirmatively appears to the contrary from the record.

But appellant contends "the record reflects affirmatively only that the jurors were sworn individually as accepted and never as a body." Appellant is half right: the record reflects affirmatively only that the jurors were sworn individually; it does not reflect affirmatively, however, that the jurors were sworn only individually and never as a body.

Absent an objection, bill of exceptions, or other affirmative showing that no oath was given the jury as a whole, the presumption under Art. 44.24(a) prevails, and nothing is presented for review.

Appellant also contends the court erred in charging the jury upon the lesser included offense of robbery with regard to appellant's co-defendant. Appellant's contention is that the charge constituted a comment on the weight of the evidence.

No objection was made by appellant to the charge on the lesser included offense, upon the ground presented here or any other. Absent an objection at trial, a claimed comment upon the weight of evidence presents nothing for review. *Varela v. State,* 561 S.W.2d 186 (Tex.Cr.App.1978); *Calverley v. State,* 511 S.W.2d 60 (Tex.Cr. App.1974).

[4] The remainder of appellant's grounds of error, complaining of the improper granting of challenges to venirepersons in violation of the doctrine of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and of the improper admission of psychiatric testimony at the punishment stage of the trial, would affect only the sentence of death which has been commuted by the Governor, and are therefore now moot. *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); *Adams v. State,* 624 S.W.2d 568 (Tex.Cr. App.1981); *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

The judgment is affirmed.

## STATEMENT JOINING IN JUDGMENT OF THE COURT

CLINTON, Judge.

Adhering to the views expressed in my dissenting opinion in *Adams v. State,* 624 S.W.2d 568, 569 (Tex.Cr.App.1981) and elsewhere I would remand the cause to the trial court. But having failed to persuade the majority that a purported grant of executive clemency should not preclude the Judicial Department from discharging its own constitutionally imposed duties and responsibilities, I am constrained to join the judgment of the Court.

TEAGUE, J., joins.