Bevills v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-154-CR





GREGORY MARK BEVILLS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CR90-0550-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING



 





 A jury found appellant, Gregory Mark Bevills, guilty of aggravated sexual assault
of a child. Tex. Penal Code Ann. § 22.021 (West 1989). The court set punishment at
confinement in the Institutional Division of the Texas Department of Criminal Justice for a period
of sixty-one years and a $10,000 fine. The appellant timely perfected his appeal. We affirm. 



BACKGROUND


 J.B., the complainant, identified the appellant as her stepfather. She testified that
she was fifteen years old at the time of the trial and fourteen on the date of the offense charged. 
She testified that on or about March 13, 1990, when she was home alone with her stepfather and
her younger sister, the appellant told her to lie on the couch, pulled her pants down, unzipped his
pants, and put his penis inside her vagina.

 J.B. also testified that the appellant had begun touching her breasts, through her
clothing, when she was twelve years old. She testified that the appellant told her that if she ever
told anyone, he would hurt her younger sister. These threats occurred on more than one occasion. 
J.B. testified that she was afraid that the appellant would kill her sister. 

 On appeal, appellant brings forward five points of error: (1) insufficiency of the
evidence to sustain his conviction; (2) prejudicial comments by the court on the weight of the
evidence; (3) exclusion of evidence of promiscuous sexual conduct of complainant; (4) denial of
appellant's right of confrontation; and (5) trial court's intimidation of defense counsel with the
threat of contempt.



DISCUSSION


 In his first point of error, appellant contends that the evidence put forward by the
state was insufficient to support the conviction. The standard of review for claims of insufficiency
of the evidence is well-settled. The court of appeals, after viewing the evidence in the light most
favorable to the prosecution, must determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 n.12 (1979) (emphasis in original); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim.
App. 1981).

 Article 22.021 of the Texas Penal Code sets forth the elements of the offense of
aggravated sexual assault of a child. A person commits that offense if he intentionally or
knowingly causes the penetration of the female sexual organ of a child by any means. In this
case, J.B. testified that the appellant penetrated her vagina with his penis. For the offense to be
aggravated, there must be evidence that the person committing the assault, by acts or words,
places the victim in fear that death, serious bodily injury or kidnapping will be inflicted upon any
person. J.B. testified that the appellant threatened to harm or kill her younger sister if J.B.
refused appellant.

 Article 22.011(c)(1) defines a "child" as a person younger than seventeen years
who is not the spouse of the actor. J.B. testified that she was fourteen years old when the
appellant first assaulted her. She was never married to the appellant. The jury had ample
evidence to convict. Appellant's first point of error is overruled. 

 In his second point of error, appellant contends that the court erred in commenting
on the weight of the evidence and in making remarks calculated to convey the court's opinion of
the case to the jury. (1) Defense counsel, however, made no objection at trial claiming that the
court's comments were comments on the weight of the evidence. Absent an objection, the point
is waived. Osteen v. State, 642 S.W.2d 169, 171 (Tex. Crim. App. 1982). Defense counsel's
failure to object to the court's comments preserves nothing for review. Smith v. State, 595
S.W.2d 120, 124 (Tex. Crim. App. 1980). 

 Notwithstanding defense counsel's failure to properly preserve error, if any, we
find that none of the statements of the court pointed to by the appellant go to the weight of the
evidence. They more resemble the comments of the court in ruling on objections discussed in
Liveoak v. State, 717 S.W.2d 691, 697 (Tex. App.San Antonio 1986), pet. ref'd, 741 S.W.2d 451 (Tex. Crim. App. 1987). (2) The appellate court held those comments were explanations and
interpretations of the testimony used by the trial court to make its rulings and, although possibly
violating section 38.05 of the Texas Code of Criminal Procedure, nonetheless constituted harmless
error. Id. at 697. Similarly, without encouraging unnecessary judicial commentary, we find no
showing that these explanations by the court resulted in either harm to the appellant or benefit to
the State. Accordingly, appellant's second point of error is overruled. 

 In his third point of error, appellant complains that the trial court erred in
prohibiting appellant from introducing evidence of promiscuous sexual conduct on the part of the
complainant. Throughout the trial, appellant's counsel attempted repeatedly to ask questions of
witnesses in the presence of the jury as to whether the victim, J.B., had engaged in three specific
instances of sexual misconduct. None of these alleged instances involved the appellant and two
of the incidents occurred after the alleged offense for which appellant was on trial. The court held
three hearings outside the presence of the jury to consider this evidence. 

 Texas Rule of Criminal Evidence 412(a) specifically prohibits the admission of past
sexual behavior of a victim of aggravated assault. Under this rule, there are five exceptions. 
Evidence of the past sexual behavior of a victim of sexual assault may be admitted: (1) if such
evidence is necessary to rebut or explain scientific or medical evidence offered by the state, (2)
if the evidence pertains to past sexual behavior of the victim with the accused and is offered by
the accused upon the issue of whether the alleged victim consented to the sexual behavior, (3) if
the alleged victim's past sexual behavior relates to the victim's motive or bias, (4) if the evidence
is admissible under Rule 609, or (5) if such evidence is constitutionally required to be admitted. 
See Tex. R. Crim. Evid. 412(b)(2). None of these exceptions are applicable to this proffered
evidence. (3)

 Questions regarding the admissibility of evidence of a victim's prior sexual conduct
are within the discretion of the trial court and will not be disturbed on appeal absent an abuse of
discretion. Holloway v. State, 751 S.W.2d 866, 870 (Tex. Crim. App. 1988). Because we find
that the trial court did not abuse its discretion, we overrule appellant's third point of error. 

 In his fourth point of error, appellant complains that because the court erroneously
restrained his attorney's questions regarding the victim's prior sexual conduct, he was denied the
right to confront the State's witnesses. In his fifth point of error, appellant complains that the
court intimidated defense counsel, thus denying appellant effective assistance of counsel. Because
both points of error involve the same rulings by the court, we will treat them together. As stated above, on three occasions, appellant attempted to introduce evidence of
the complainant's sexual history. This evidence of the victim's prior sexual conduct was reviewed
by the court in three in camera sessions. Both briefs discuss the fact that, during an in camera
session, the court discussed defense counsel's failure to comply with Rule 412(c). The court also
discussed defense counsel's statement to the court that he intended to solicit from witnesses
evidence that the victim had engaged in shoplifting in New York, an alleged incident that would
have occurred after the date of the sexual assault in question. This evidence was inadmissible
under Tex. R. Crim. Evid. 608(b). In response to defense counsel's attempts to present such
evidence, the trial court advised him that if he continued to violate the rules of evidence, the court
would hold him in contempt.

 The record indicates that on several occasions during the trial, defense counsel
attempted to circumvent Rules 412(c) and 608(b). The court's warnings were justified. Appellant
contends that the cumulative effect of the court's allegedly improper actions created a coercive
atmosphere which operated to violate his rights to a fair trial and effective assistance of counsel
under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. Appellant cites
Strickland v. Washington, 466 U.S. 668 (1984) and Bethany v. State, 814 S.W.2d 455 (Tex.
App.Houston [14th Dist.] 1991, pet. ref'd). Both cases are inapposite.

 In Strickland, the U.S. Supreme Court held that a convicted defendant's claim that
counsel's assistance was so defective as to require reversal of the conviction has two components. 
First, the defendant must show that counsel's performance was deficient. This requires showing
that defense counsel made errors so serious that the attorney was not functioning as "counsel"
guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient
performance prejudiced the defense. This requires showing that counsel's errors were so serious
as to deprive the defendant of a fair trial, a trial whose result is reliable. 466 U.S. at 687. 
Appellant has shown neither that his attorney failed to function as counsel nor that defense
counsel's representation deprived the defendant of a fair trial. The record shows instead that
defense counsel effectively -- if at times somewhat overzealously -- represented appellant. 
Defense counsel vigorously cross-examined the State's witnesses and effectively introduced
evidence in favor of the appellant.

 Likewise, Bethany is not analogous to the facts of this case. In Bethany, the court
of appeals held that the trial court and the State combined to interfere so thoroughly and on so
many occasions with defense counsel's ability to make independent decisions about how to
conduct a defense as to deny the accused his right to effective assistance of counsel. Bethany, 814
S.W.2d at 462. Bethany involved a litany of improprieties committed by the trial court and
State's counsel with respect to the conduct of the trial and the ability of the defense to present
evidence. These improprieties included ordering the defense to present evidence that he did not
intend to, holding defense counsel in contempt and jailing him without bond during the course of
the trial, improper ex parte communications with State's counsel, and requiring defense counsel
to testify against the defendant when there were other witnesses available and known to the State
who could have provided the same testimony. Id. at 456-62.

 That is not the case here. In this case, the trial court properly admonished defense
counsel that it would not tolerate his continued violation of the rules of evidence. It is not a
violation of the right to effective counsel or due process for the court to inform counsel for the
defense that it will consider further violations of evidentiary rules knowing violations subjecting
counsel to the possibility of contempt. Points four and five are without merit and, therefore, are
overruled.

 Finding no error, the judgment of conviction is affirmed.



 Mack Kidd, Justice



[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: September 16, 1992

Do Not Publish

1.   Appellant points to four comments that the court made as calculated to convey to
the jury the court's opinion of the case:


(1) Appellant sought to have admitted a photograph, dated "1-18-91," to
show there was no couch in the living room where the alleged offense
occurred. In ruling, the court stated, "Those pictures show that last
Friday [January 18, 1991] there wasn't one, right? I'll go ahead and
allow it to be introduced." 


(2) The judge told the jury that he was calling a short recess to allow the
prosecutor to examine appellant's work record, and said, "I
appreciate [the prosecutor's] consideration of the Court on that." 


(3) When sustaining one of appellant's objections, the court stated, "I'm
going to sustain the objection, although I don't think it's any great
consequence at this point in time."


(4) Responding to defense counsel's objection to a particular question as
repetitious, the prosecutor stated that he had rephrased the question
"a little differently," and the court agreed; "It is rephrased somewhat
differently. I'll go ahead and allow it."
2.   In Liveoak, the statements that appellant complained of were: (1) the court's comment
to the effect that, since the witness admitted making a pretrial statement inconsistent with his
testimony at trial, the proffered tape recording of that pretrial statement served no purpose,
and (2) the repetition by the court of prior testimony in the course of making a ruling on
admissibility of subsequent testimony. 717 S.W.2d at 696-97. The trial court's comments in
the instant case were substantially more innocuous than the court's in Liveoak. 
3.   Appellant's brief appears to assert that this evidence was necessary to a promiscuity
defense. See Tex. Penal Code Ann. § 22.011(d)(1) (West 1989). However, the promiscuity
defense is not available in cases of aggravated sexual assault on a child. Tex. Penal Code
Ann. § 22.021(d) (West 1989).