

NUMBER 13-16-00402-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRIAN KEITH HOLLEK,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 274th District Court of
Hays County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras[1], and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Brian Keith Hollek challenges his conviction for assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West, Westlaw through 2015 R.S.). We affirm.

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2015 R.S.).

## I. Background[2]

On May 21, 2015, Officer Daniel Crook of the San Marcos Police Department initiated a traffic stop of a pickup truck he observed going the wrong way down a one-way street. As he approached the vehicle, Officer Crook observed a revolver on the front seat next to the driver's thigh. Officer Crook removed the driver, appellant, from the vehicle and began to place him in handcuffs. Appellant resisted and fought with Officer Crook for several minutes before escaping on foot. Roy Moore,[3] the front-seat passenger, remained at the scene. Appellant was arrested several days later when he went to the animal shelter to reclaim the dogs which were in the back of the truck.

The State charged appellant by indictment with one count of assault on a public servant. *See id.* The case was tried to a jury. At the beginning of trial, the court admitted, as State's Exhibit 1, the video recordings from the dashboard camera and the backseat camera in Officer Crook's vehicle. The trial court then allowed the State to publish the first ten minutes of the dashboard camera video. The video from the backseat camera, which was admitted but not published to the jury, depicts a conversation between Officer Crook and Moore regarding whether one of the substances Officer Crook found in appellant's truck was methamphetamine. The jury returned a verdict of guilty, and the trial court assessed a sentence of three years' imprisonment in the Texas Department of Criminal Justice and no fine. This appeal followed.

---

[2] This appeal was transferred to this Court from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.). We are unaware of any conflict between our precedent and that of the Third Court of Appeals regarding the issues raised in this appeal. *See* TEX. R. APP. P. 41.3.

[3] Moore is also referred to in the record as "James Moore."

2

## II. DISCUSSION

Appellant argues in two issues: (1) the venire panel was not sworn before the start of voir dire; and (2) he received ineffective assistance of counsel.

### A. Venire Oath

In his first issue, appellant argues that the trial court failed to swear the jury panel before the beginning of voir dire in violation of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 35.02 (West, Westlaw through 2015 R.S.). The State responds that we must presume that the jury was properly empaneled and sworn because the record does not affirmatively reflect otherwise. *See* TEX. R. APP. P. 44.2(c)(2).

The Texas Code of Criminal Procedure requires the court to administer an oath to the jury panel before the beginning of voir dire. TEX. CODE CRIM. PROC. ANN. art. 35.02. This provision ensures that any statements or answers by prospective jurors during voir dire are given under oath. *Duffy v. State*, 567 S.W.2d 197, 200 (Tex. Crim. App. 1978). We must presume on appeal that the jury was properly empaneled and sworn unless the matter was disputed in the trial court or the record affirmatively shows the contrary. TEX. R. APP. P. 44.2(c)(2); *Faison v. State*, 59 S.W.3d 230, 237 (Tex. App.—Tyler 2001, pet. ref'd). A silent record does not amount to the necessary "affirmative" showing. *See Osteen v. State*, 642 S.W.2d 169, 171 (Tex. Crim. App. 1982); *Duffy*, 567 S.W.2d at 201.

We agree with the State that the presumption that the jury was properly empaneled and sworn has not been rebutted in this case. *See* TEX. R. APP. P. 44.2(c)(2).[4] Appellant

---

[4] Appellant argues that the presumption in Rule 44.2(c)(2) is inconsistent with the Legislature's requirement that the trial court administer an oath to the venire panel before the start of voir dire. *See* TEX. R. APP. P. 44.2(c)(2). He reasons that if we presume that the trial court administered the oath "even though the record reflects otherwise" it would violate the Legislature's clear intent in enacting the oath requirement.

did not object in the trial court, and the record is silent regarding whether the oath was administered to the jury panel. Appellant argues that the record's silence constitutes an affirmative showing that the oath was not administered because the court reporter was "meticulous" and would have included the swearing of the venire panel if it actually occurred. But even if the creation of the record was as meticulous as appellant argues, the venire panel could have been sworn earlier, before the arrival of the judge and the court reporter. Appellant has demonstrated only that the record is silent, not that it affirmatively shows that the jury panel was not sworn. We conclude that appellant has not overcome the presumption that the jury was properly empaneled and sworn. *See Osteen*, 642 S.W.2d at 171; *see also Stiggers v. State*, No. 05-97-01373-CR, 2000 WL 150851, at *2 (Tex. App.—Dallas Feb. 14, 2000, no pet.) (mem. op., not designated for publication) (rejecting the argument that the absence of a notation in the record that the jury panel was sworn was affirmative proof the oath was not administered). We overrule appellant's first issue.

### B. Ineffective Assistance of Counsel

Appellant argues in his second issue that his trial counsel was constitutionally ineffective for failing to object to the admission of the recordings from the cameras in Officer Crook's police vehicle.

We evaluate a claim that trial counsel was ineffective under the two-part standard established by the United States Supreme Court in *Strickland v. Washington*. 466 U.S.

---

*See* TEX. CODE CRIM. PROC. ANN. art. 44.33(a) (West, Westlaw through 2015 R.S.) (providing that rules promulgated by the Texas Court of Criminal Appeals may not be inconsistent with the Texas Code of Criminal Procedure). We do not address this part of appellant's argument because, as we explain in greater detail in the body of this opinion, the record does not affirmatively reflect the oath was not administered but is actually silent on the matter.

4

668, 687 (1984). To obtain reversal under *Strickland*, a defendant must show by a preponderance of the evidence both that: (1) his counsel performed deficiently; and (2) the deficient performance prejudiced the defendant's case. *Id.*; *see Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012).

A defendant establishes the deficient-performance prong by showing that the quality of his counsel's professional assistance fell below an objective standard of reasonableness. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012). The prejudice prong is established by showing that there is a reasonable probability that the result of the trial would have been different if it was not for counsel's unprofessional conduct. *Id.*; *Cox*, 289 S.W.3d at 819. A reasonable probability is one sufficient to undermine confidence in the outcome of the trial. *Ex parte Napper*, 322 S.W.3d 202, 248 (Tex. Crim. App. 2010).

Appellant argues that his counsel was unaware of the conversation between Officer Crook and Moore and that it was deficient performance for counsel to not review the entire video. Appellant asserts that his counsel must have been unaware of the conversation because he later successfully objected to similar evidence, photographs of the drugs seized from appellant's car. Regarding prejudice, appellant asserts that counsel's failure to object was prejudicial because the jury could have reviewed the video and convicted him because he was carrying illegal drugs. The State responds that it was not deficient performance for counsel to treat the discussion on the video and the pictures of the narcotics differently. The State further argues that there was no prejudice because the jury never saw the conversation between Officer Crook and Moore.

We agree with the State regarding the prejudice prong. Even if trial counsel's performance was deficient, appellant is unable to show that the deficient performance prejudiced him.[5] The record reflects that the State published to the jury only the first ten minutes of the dashboard camera video. The State did not publish any part of the video containing the conversation between Officer Crook and Moore, and the jury did not send out any notes during its deliberations asking to see the video. Without seeing that portion of the video, the jury could not hold its contents against appellant. On this record, we conclude appellant is unable to show a reasonable probability that the outcome of the trial would have been different but for his counsel's failure to object. *See Cox*, 289 S.W.3d at 819. We overrule appellant's second issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of February, 2017.

---

[5] We address the prejudice prong first because it is dispositive. *See Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (observing that courts may address either prong of the *Strickland* test first); *see also* TEX. R. APP. P. 47.1.