# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00363-CR

---

Cody Watson,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
87th District Court of Freestone County, Texas
Judge Amy Thomas Ward, presiding
Trial Court Cause No. 23-065CR

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Following a jury trial, Cody Watson was convicted of the offense of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02. The jury assessed his punishment at thirty years in prison. On appeal, Watson raises issues related to jury qualification, the trial court's denial of his motion to quash the indictment, improper outcry witness testimony, and jury charge error. We affirm.

# Jury Qualification

In his first issue, Watson argues that the trial court erred in failing to qualify the jury panel as required by article 35.12 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 35.12.

Article 35.12 requires the trial court, or someone under its direction, to ask prospective jurors whether they are qualified voters, whether they have been convicted of a theft or of a felony, and whether they are under indictment or legal accusation for a theft or a felony. *Id.* at (a). Watson specifically takes issue with the trial court's alleged failure to ask whether the prospective jurors were convicted of, or under legal accusation for, a theft or felony.

Appellate courts must presume that the jury was properly impaneled and sworn unless the matter was disputed in the trial court or the record affirmatively shows the contrary. *See* TEX. R. APP. P. 44.2(c)(2). Watson acknowledges that he did not dispute juror qualification in the trial court. In fact, Watson's trial counsel affirmatively voiced no objection to the venire members selected to serve on the jury. Citing generally to the voir dire volume of the reporter's record, he claims the record "affirmatively shows" that the trial court failed to qualify the jury because the record does not document whether the procedure occurred. Article 35.12 does not require a record of compliance with its procedures. *See* TEX. CODE CRIM. PROC. ANN. art. 35.12.

Moreover, a silent record is not an affirmative showing that the statutory qualification procedure did not occur. *See Osteen v. State*, 642 S.W.2d 169, 171 (Tex. Crim. App. 1982). Watson has failed to overcome the Rule 44.2(c)(2) presumption that the jury was properly qualified.

Watson, however, urges us not to apply the Rule 44.2(c)(2) presumption. He claims that the Court of Criminal Appeals exceeded its rulemaking authority in promulgating the rule because the presumption that the jury was properly qualified abridges and modifies a defendant's substantive right to a fair trial. *See* TEX. GOV'T CODE ANN. § 22.108. Even if we refuse to apply the presumption as Watson requests, and we further assume that the trial court did not ask the article 35.12 qualifying questions, Watson's first issue still fails for failure to demonstrate harm from this alleged error. Emphasizing the Sixth Amendment right to a trial by a fair jury, Watson contends that juror qualification in compliance with article 35.12 is constitutional error subject to harm analysis under Rule 44.2(a). *See* TEX. R. APP. P. 44.2(a). Watson does not identify – and we have not found – any controlling authority holding that a trial court's failure to ask the qualifying questions in article 35.12 is constitutional error rather than statutory error. In fact, "many – perhaps most – statutes are designed to help ensure the protection of one constitutional right or another. Having such a purpose does not convert a statutory right into a

one of federal constitutional dimension, much less a right whose violation is considered to be structural error." *Gray v. State*, 159 S.W.3d 95, 97 (Tex. Crim. App. 2005). We reject Watson's constitutional-error argument.

We must disregard any non-constitutional error that does not affect the appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). To demonstrate harm from failure to qualify the jury, the record must show Watson was deprived of a lawfully constituted jury of qualified individuals. *See Gray v. State*, 233 S.W.3d 295, 298, 301 (Tex. Crim. App. 2007). Watson, claiming that this is an unworkable standard, does not identify any evidence that any jurors were unqualified due to being under legal accusation for, or convicted of, a theft or a felony. We have uncovered no such evidence in our own review of the record. Watson has thus failed to demonstrate harm.

Accordingly, we overrule Watson's first issue.

## Motion to Quash Indictment

In his second issue, Watson claims that the trial court erred in denying his motion to quash the indictment. We disagree.

STANDARD OF REVIEW

When reviewing a trial court's decision to deny a motion to quash an indictment, we apply a de novo standard of review. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

ANALYSIS

As relevant to the issue presented on appeal, the indictment alleged as follows:

… Cody Watson did then and there[,]

during a period that was 30 or more days in duration, to-wit: from on or about the 8th day of December, 2017 through the 8th day of December, 2022, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely,

with the intent to arouse or gratify the sexual desire of the defendant, engage in sexual contact with [A.A.], hereafter styled the complainant, by touching the genitals of the complainant, a child younger than 17 years of age

with the intent to arouse or gratify the sexual desire of the defendant, engage in sexual contact with [A.A.], hereafter styled the complainant, by touching the genitals of the complainant, a child younger than 17 years of age[.]

The day after the jury was empaneled and sworn, Watson filed his "Motion to Quash and Exception to Substance of the Indictment and Motion to Quash and Exception to Form of the Indictment." Watson contended that the indictment failed to sufficiently inform him of the charge against him and did not "lay out if [sic] 'plain and intelligible words' an alleged criminal act." The basis of his complaint was that the predicate offense paragraphs describe criminal acts against a victim under the age of seventeen, instead of a victim

under the age of fourteen as required for the offense of continuous sexual abuse of a child.

After hearing arguments of counsel, the trial court denied the motion to quash.

If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment "before the date on which the trial on the merits commences," he waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other post-conviction proceeding. TEX. CODE CRIM. PROC. ANN. art. 1.14(b). More specifically, the Court of Criminal Appeals has held that a defendant must object to any error in the indictment "before the day of trial and certainly before the jury is empaneled." *Jenkins v. State*, 592 S.W.3d 894, 902 (Tex. Crim. App. 2018) (quoting *Teal v. State*, 230 S.W.3d 172, 178 n.24 (Tex. Crim. App. 2007)). However, we must determine whether the indictment is constitutionally sufficient before applying the waiver doctrine as set out in the statute. *See Teal*, 230 S.W.3d at 180-81. The question to be asked is: "Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction?" *Id.* at 181. If so, a defendant must make a pretrial objection

to a defect in the indictment or forfeit the right to complain about it on appeal. *Smith v. State*, 309 S.W.3d 10, 18 (Tex. Crim. App. 2010).

At the top of the indictment are the words "Continuous Sexual Abuse of Young Child/Children" and "First Degree Felony." The indictment alleges that over a period of thirty or more days – specifically from December 8, 2017 through December 8, 2022 – Watson committed two or more acts of sexual abuse against a child under the age of fourteen while he was at least seventeen years old. The indictment then goes on to specify that those acts of sexual abuse involve instances of indecency with a child by sexual contact committed by Watson touching A.A.'s genitals with the intent to arouse or gratify his sexual desire. All of the necessary elements of the offense of continuous sexual abuse of a child were pled. *See* TEX. PENAL CODE ANN. § 21.02. The trial court and defendant could conclude that the indictment charged a felony offense and that the district court had jurisdiction of the offense.[1] Accordingly, to preserve this issue for appellate review, Watson needed to object to the indictment before trial commenced. Here, the jury was empaneled and trial commenced on November 4, 2024. Watson filed his motion to quash the indictment on November 5, 2024.

---

[1] We note that Watson does not challenge the sufficiency of the two predicate paragraphs alleging the felony offense of indecency with a child by contact, which would also vest the trial court with jurisdiction.

Because Watson failed to make a timely objection before the date on which the trial on the merits commenced, he forfeited any right to object to any alleged defect or error in the indictment. Accordingly, his second issue is overruled.

## Outcry Witness Testimony

In his third issue, Watson asserts that the trial court erred by designating A.A.'s former assistant principal as the outcry witness under article 38.072 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. We find the trial court's error to be harmless.

STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's designation of an outcry witness for an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

Article 38.072 of the Code of Criminal Procedure provides a statutory exception to the rule against hearsay for prosecutions of certain sexual offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. This statute permits testimony from the first person eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *Id.* at § 2(a). Courts have construed a statement "about the offense" to mean a statement that "in some discernible manner describes the alleged offense" and is more than "a general allusion" of sexual abuse. *Garcia,* 792 S.W.2d at 91. The

statute requires the trial court to hold a hearing outside of the jury's presence to determine whether the statement is reliable based on the time, content, and circumstances of the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2).

RELEVANT FACTS

Prior to the article 38.072 hearing, defense counsel objected to "not having been properly noticed under article 38.072" because the State simply attached the offense report to its notice instead of providing a summary of the statement made to the outcry witness. *See id.* at §2(b)(1)(C).

At the outcry hearing, A.A.'s former assistant principal at Fairfield Junior High testified that in December of 2022, A.A. "approached [her] about a situation she wanted to discuss." The assistant principal confirmed that A.A. "explain[ed] an allegation of sexual abuse" perpetrated by Watson and that she was the first person A.A. spoke with about the abuse. No further details about the alleged abuse were provided during the hearing. The trial court found that the assistant principal "meets the requirements" and ruled that she could testify as the outcry witness. Defense counsel then reiterated, "Based on my objection to the notice on 38.072, I have to object to this being a proper outcry witness[.]" The trial court overruled this objection and granted a running objection.

At trial, the assistant principal testified that A.A. approached her before school on December 8, 2022, and asked to speak with her in her office. While walking to the office, A.A.'s lip began to quiver and she appeared upset. The assistant principal sat down with A.A. and asked what was wrong. A.A. told her, "my stepdad touched me down there," while pointing down to her "pubic area." The assistant principal stated that A.A. told her the abuse happened more than once over the course of multiple years, with the last incident occurring sometime around Thanksgiving.

ANALYSIS

On appeal, Watson contends that the trial court abused its discretion by designating the assistant principal as the outcry witness because the assistant principal's testimony at the outcry hearing was no more than a general allusion that sexual abuse occurred. Stated another way, he contends that the State did not meet its burden at the article 38.072 hearing to demonstrate that A.A. made a "statement about the offense" to the assistant principal in order to make her testimony admissible under the statute. Watson argues the assistant principal's testimony was harmful because it bolstered A.A.'s credibility when his defensive theory at trial was that A.A. fabricated her claim of sexual abuse.

Assuming without deciding that this issue was preserved for our review[2], we agree that the trial court erred in designating the assistant principal as the outcry witness based on the testimony provided at the article 38.072 hearing. No testimony was presented demonstrating that A.A. described the sexual abuse "in some discernible manner" to the assistant principal. *See Garcia*, 792 S.W.2d at 91. The statement that A.A. "explain[ed] an allegation of sexual abuse" is nothing more than a general allusion that something in the area of child abuse was occurring and did not provide a basis for the trial court to reasonably determine whether "the statement is reliable based on the […] content" of the statement. TEX. CODE CRIM. PROC. ANN. art 38.072, § 2(b)(2).

However, we hold that the admission of the assistant principal's outcry testimony was harmless. The erroneous admission of hearsay testimony under article 38.072 is non-constitutional error. *Rosales v. State*, 548 S.W.3d 796, 808 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Such error is harmless if we are reasonably assured that the error did not influence the verdict or had but a slight effect. *Id.* Where the same or similar evidence is admitted without objection elsewhere during trial, the error is harmless. *Id.*

---

[2] Watson's objection at trial does not comport with his issue on appeal. *See* TEX. R. APP. P. 33.1 (a). His complaint at trial was that the State failed to provide proper notice under article 38.072 of the content of the assistant principal's expected testimony, not that the State failed to meet its burden under article 38.072 to demonstrate that A.A. made more than a "general allusion" of sexual abuse to the assistant principal.

Here, the same or similar evidence was admitted without objection through A.A.'s testimony. A.A. testified that the family lived in Cayuga when she was in the second grade through fourth grade, during which time Watson sexually assaulted her on three occasions by rubbing her vagina underneath her clothing with his hand. A.A. explained that the family moved to Fairfield in 2020, where Watson continued to touch her vagina with his hand "almost every day." She recalled that the last incident of sexual abuse occurred approximately three weeks before she outcried to the assistant principal in 2022. The jury heard directly from A.A. and was in the best position to judge her credibility, regardless of the outcry testimony. *See id.* at 809. In light of A.A's detailed testimony concerning the acts of sexual abuse, we are reasonably assured that any error in the admission of the outcry testimony did not influence the jury's verdict, or had but a slight effect and was harmless.

Watson's third issue is overruled.

## Jury Charge Error

In his fourth issue, Watson asserts that the guilt-innocence jury charge contained an erroneous definition of "sexual contact" and that he was egregiously harmed by this unobjected-to error. Assuming without deciding that the jury charge contained error, we find that Watson was not egregiously harmed.

STANDARD OF REVIEW

A claim of jury charge error is reviewed using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The first step is to determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If there is error but the appellant failed to object, the error in the charge is reviewed only for egregious harm. *Id.* at 743-44. Egregious harm means that the error "affects 'the very basis of the case,' deprives the defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.'" *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citing *Almanza*, 686 S.W.2d at 172). A defendant must have suffered actual harm, not theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

To determine if the charge error resulted in egregious harm, we review "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

ANALYSIS

As relevant here, a predicate "act of sexual abuse" for the offense of continuous sexual abuse of a child includes an act constituting indecency with a child under section 21.11(a)(1) of the Penal Code.[3]  *See* TEX. PENAL CODE ANN. § 21.02(c)(2).  Indecency with a child under section 21.11(a)(1) is committed when a person engages in "sexual contact" with a child.  *See id.* at § 21.11(a)(1).  The general definitions applicable to offenses in Chapter 21 of the Penal Code are listed in section 21.01.  *See id.* at § 21.01.  In Chapter 21, "sexual contact" means *"except as provided by section 21.11* or 21.12, any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."  *Id.* at § 21.01(2) (emphasis added).  Indecency with a child under section 21.11 contains its own definition of "sexual contact," namely, as relevant here, "any touching by a person, including touching through the clothing, of the anus, breast, or any part of the genitals of a child" with the intent to arouse or gratify the sexual desire of any person.  *Id.* at § 21.11(c)(1).

Here, the abstract portion of the jury charge used the general definition of "sexual contact" from section 21.01(2) of the Penal Code.  As charged, the predicate "acts of sexual abuse" were acts constituting indecency with a child

---

[3] As long as the offense was committed in a manner other than touching the breast of the child.  *See id.*

under section 21.11; therefore, Watson argues, the appropriate statutory definition of "sexual contact" was the more specific definition applicable to offenses under section 21.11.

Watson acknowledges that this alleged error was not objected to in the trial court and that the "egregious harm" standard applies.

In reviewing the state of the evidence, we consider the contested issues and weight of the probative evidence "to determine whether the evidence made it more or less likely that the jury charge caused appellant actual harm." *Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015). The primary difference between the general definition of "sexual contact" and the specific definition from section 21.11(c)(1) is the maximum permissible age of the victim of the sexual contact. Watson concedes that "[t]he disputed evidence was whether [he] committed this offense, not the age of the parties." Indeed, A.A. was undisputedly a child under the age of fourteen during the dates of offense alleged. She was thirteen years old when she outcried to her assistant principal. This factor thus weighs against a finding of egregious harm.

Watson also asserts that "under this charge, there was no requirement that the person who the defendant touch [sic] was a child." This is incorrect. The application paragraph provided, in relevant part:

> [I]f you find from the evidence beyond a reasonable doubt that, during a period that was thirty (30) days or more in duration, to-

wit: from on or about the 8th day of December, 2017 to the 8th day of December, 2022, in Freestone County, Texas, the Defendant, CODY WATSON, when he was seventeen (17) years of age or older, did commit two or more of the following acts of sexual abuse *against a child*, namely [A.A.], who at the time was *a child younger than fourteen (14) years of age*, to-wit:

The Defendant did then and there, with the intent to arouse or gratify the sexual desire of the defendant, engage in sexual contact with [A.A.], hereafter styled the complainant, by touching the genitals of the complainant, *a child younger than 14 years of age*;

AND/OR

The Defendant did then and there, with the intent to arouse or gratify the sexual desire of the defendant, engage in sexual contact with [A.A.], hereafter styled the complainant, by touching the genitals of the complainant, *a child younger than 14 years of age*;

then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Young Child as alleged in the indictment[.]

(emphasis added). The application paragraph expressly required the jury to find beyond a reasonable doubt that Watson touched A.A.'s genitals with the intent to arouse or gratify his sexual desire when A.A. was a child younger than fourteen years old.

In his analysis on the jury charge as a whole, Watson discusses the trial court's instruction on juror notetaking. He asserts that the notetaking instruction failed to substantially comply with the Court of Criminal Appeals' suggested instruction in *Price v. State*, 887 S.W.2d 949, 955 (Tex. Crim. App.

1994), and permitted misuse of juror notes during deliberations. Without identifying any evidence in the record that any juror misused his or her notes during deliberations, or explaining how this notetaking instruction has any relation to the "sexual contact" definition at the center of his issue presented on appeal, he then makes the conclusory statement that the jury charge "supports a finding of egregious harm." We disagree. In reviewing the jury charge as a whole, we find that the broader definition of "sexual contact" was, as discussed above, properly restricted in the application paragraph to apply only to a child under the age of fourteen. This factor weighs against a finding of egregious harm.

We also consider whether any statements made during the trial by the prosecutor, the defense counsel, or the trial court may have exacerbated or ameliorated the error in the jury charge. *Arrington*, 451 S.W.3d at 844. Watson concedes that the attorneys did not argue the meaning of sexual contact.

Considering the four *Almanza* factors, we find that Watson was not egregiously harmed by the trial court's use of the general definition of "sexual contact" in the abstract portion of the jury charge. Accordingly, his fourth issue is overruled.

## Conclusion

Having overruled all of Watson's issues on appeal, we affirm the judgment of the trial court.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED:  January 29, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CRPM

